THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN H. McCARREY, Defendant-Appellant.

Fourth District   No. 4—83—0393

Opinion filed February 15, 1984.

Richard J. Watson, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Marlene Newton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

After a bench trial defendant Norman McCarrey was convicted of driving under the influence of alcohol. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.) On appeal he alleges that he was not accorded a speedy trial within 160 days of his demand, as required by the provisions of Supreme Court Rule 505 (87 Ill. 2d R. 505), and that the trial court therefore erred in denying his motion to dismiss the charge against him. We agree and therefore reverse the judgment of the circuit court of Champaign County.

Defendant was charged with driving under the influence of alcohol by means of a traffic ticket issued on November 19, 1981. On November 23, 1981, defendant's counsel filed a written entry of appearance on behalf of defendant, entering a plea of not guilty and requesting trial by jury. Defendant's counsel effected this appearance by use of a printed form supplied by the Champaign County clerk's office. The operative paragraph read as follows:

"REQUEST FOR JURY TRIAL
(OPTIONAL)

The above-named defendant, by his/her undersigned attorney, hereby demands trial by jury. (This demand by itself is        a

demand for immediate or speedy trial.)"

The State suggests that the word "not" was deleted from the parenthetical sentence as it appears on the form as supplied by the clerk's office, whereunder the parenthetical statement is that the demand by itself is not a demand for immediate or speedy trial.

After the filing of the entry of appearance, plea of not guilty and request for jury trial, the cause was allotted for jury trial docket call on January 27, 1982. On that date, Judge DeLaMar reset the cause for docket call in February 1982. The case apparently appeared on Judge Townsend's docket call in February and was allotted for a pretrial conference on March 8, 1982. On that date, an information charging the offense was filed and the cause was continued on the defendant's motion, over the State's objection, until the April 1982 trial term. Thereafter, on the State's motion, the cause was reallotted for trial during the June 1982 term. Nothing further appears to have transpired in the case until May 4, 1983, when defendant filed a motion to dismiss the cause on the ground that he had not been afforded a speedy trial despite his demand. After argument by counsel on May 5, 1983, Judge DeLaMar denied defendant's motion to dismiss the cause. On May 10, 1983, defendant was convicted and sentenced on the offense charged. From this judgment defendant appeals.

Supreme Court Rule 505 provides in pertinent part:

"Upon timely receipt of notice that the [recipient of a traffic ticket] intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. *If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended* (Ill. Rev. Stat. 1979, ch. 38, par. 103—5)." (Emphasis added.) (87 Ill. 2d R. 505.)

The relevant portions of section 103—5 of the Code of Criminal Procedure of 1963 provide:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction *within 160 days from the date defendant demands trial* unless delay is occasioned by the defendant ***.

* * *

(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed [by subparagraph (b)] of this Section and on the day of expiration of the delay the said period shall

continue. at the point at which it was suspended." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(b), (f).)

We note that while Rule 505 is framed in terms of a demand for trial by jury, section 103—5(b) speaks only of a trial demand.

■ A defendant who is charged with an offense by means of a traffic ticket is generally entitled to a jury or a bench trial within the time limits prescribed by Supreme Court Rule 505 (see *People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443), provided that there are no factors beyond the immediate control of the prosecutor and the arresting officer which result in a delay in bringing the defendant to trial. (*People v. Davis* (1982), 104 Ill. App. 3d 120, 432 N.E.2d 947.) Thus, on the basis of Supreme Court Rule 505 and section 103—5(b) and (f) of the Code of Criminal Procedure of 1963, an individual charged with an offense by means of a traffic ticket who is free on bond and demands a jury trial must generally be afforded a jury trial within 160 days of his jury demand. (*People v. Seaberry* (1980), 86 Ill. App. 3d 369, 408 N.E.2d 51.) Subsequent filing of an information charging the offense has no impact on the efficacy of defendant's prior demand for trial by jury. The filing of an information subsequently by the prosecution does not come within the meaning of *People v. Davis* (1982), 104 Ill. App. 3d 120, 432 N.E.2d 947, which concluded that the schedule and trial scheme of Supreme Court Rule 505 did not apply where the complaint was filed contemporaneously with the traffic ticket.

The State did not contest receipt of the document by which defendant's counsel entered his appearance, filed a plea of not guilty, and requested a jury trial. Neither did the State object that the delay occasioned in this cause was attributable to, or assented in by defendant. Nor does the State point to any factors beyond the control of the prosecutor or arresting officer which caused the delay. Indeed, the trial judge found that the 160-day period encompassed by the speedy-trial statute had run. Judge DeLaMar also expressly found that notice was not an issue in this case. Rather, the trial judge looked to the language of the decision in *People v. Jones* (1981), 84 Ill. 2d 162, 417 N.E.2d 1301, and concluded that the issue in the cause was whether, in fact, defendant had made a good faith and serious attempt to obtain a speedy trial by the filing and service of the aforementioned document. The judge stated that proper resolution of the issue necessitated an understanding of the use of the form provided by the clerk's office of the court and the meaning of the language therein:

"Well, to understand those, I think resort should be had to the second paragraph entitled, 'GENERAL PLEA OF NOT

GUILTY,' again in all caps with the word '(optional)' underneath in parenthesis. Under that caption appears the following language, 'The above-named Defendant by his/her undersigned attorney, hereby enters a plea of not guilty as to all counts pending in the above-captioned cause. (Written plea by attorney does not satisfy initial appearance in open court by Defendant in person if such appearance is required under the charge pending in this case. . .' there is further language and then a parenthesis and close quote. Now, it is obvious to anyone reading or utilizing this form that the language appearing immediately at the outset of that paragraph and before the commencement of the language in parenthesis, is meant to be the language of the Defendant which for the convenience of counsel may be adopted by counsel by simply signing on the line indicated at the conclusion of that paragraph. The language in parenthesis is clearly the language of the Court explaining the proper use of this form and advising and admonishing counsel and the Defendant that using this form does not satisfy the obligation of the Defendant to appear initially on the traffic citation. That is clearly not the language of the Defendant. If it were, the Defendant would be saying that this written plea, by his attorney, does not satisfy his own obligation to appear, and that's nonsensical.

All right. Now, turning back to the paragraph specifically indicating the issue here, request for a jury trial. Again, it is obvious that the language in the parenthesis, 'This demand by itself is not a demand for immediate or speedy trial,' is the language of the Court, not the Defendant. Just as is the language in the second paragraph is explanatory, it is the Court instructing and advising the parties that the use of this form alone is not sufficient to demand speedy trial. When that language is altered, what is being provided is an altered form of the Court's language and the Court is now saying, 'This demand by itself is a demand for immediate or speedy trial,' the Defendant is saying nothing. The Court has not demanded a speedy trial in this case, the Court does not have standing to do so, the Court is not the Defendant.

So, I think that this does not constitute demand for speedy trial by the defense. Secondly, I don't think doing it in this form satisfies the standards set forth in *People versus Jones*. This does not call attention to the State's Attorney's office, to the Court or to anybody else that the defendant is concerned

about being brought to trial within 160 days, it does not stand out, it gives no fair notice."

Notwithstanding the court's earlier express finding that notice was not an issue, the judge concluded that the aforementioned document filed by defendant was not sufficient to notify the State that defendant was, in fact, demanding a speedy trial.

We disagree. The decision in *Jones* turned on the lack of notice to the prosecution of the defendant's demand for speedy trial, which demand was filed only with the clerk of the court. Section 103—5 of the Code of Criminal Procedure of 1963 requires "some affirmative act on the part of the accused, either in the form of a written or an oral demand for trial" which must be communicated to the State and preserved in the record. (*Jones; People v. Rockett* (1967), 85 Ill. App. 2d 24, 228 N.E.2d 219.) Supreme Court Rule 505 does not require more of recipients of traffic tickets.

Irrespective of the parenthetical language of the form offered by the circuit clerk's office, under the language of Supreme Court Rule 505 a demand for jury trial by the recipient of a traffic ticket is, *ipso facto*, a demand for speedy trial. Under section 103—4(b) of the Code of Criminal Procedure of 1963 a demand for trial is a demand for speedy trial. According to the Committee Comments, section 114—1(a)(1) of the Code provides the procedure for invoking the right conferred under section 103—5: by written motion to dismiss. (Ill. Ann. Stat., ch. 38, par. 114—1, Committee Comments, at 196 (Smith-Hurd 1977).) This defendant did.

Reversed.

MILLER and WEBBER, JJ., concur.