THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL C. GRUDZIEN, Defendant-Appellee.

Third District   No. 3—84—0463

Opinion filed March 8, 1985.—Rehearing denied April 10, 1985.

Tony L. Brasel, State's Attorney, of Watseka (Dennis E. Roth, Assistant State's Attorney, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Michael Grudzien, the defendant, was issued a uniform traffic citation and complaint for speeding on November 14, 1983. One week later, the State was notified that the defendant had filed his not guilty plea and written jury demand using his attorney's form rather than the court communications copy. The case, originally set for hearing on December 12, 1983, was continued to June 15, 1984. Prior to that date, the court heard arguments and allowed the defendant's motion to dismiss. On appeal, the State questions whether the defendant requested a speedy trial.

The defendant-appellee failed to file a brief. It is well established, however, that where the record is simple and the court of review can easily decide the claimed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Supreme Court Rule 505 and section 103—5 of the Code of Criminal Procedure of 1963 together provide that the defendant on bail shall be tried within 160 days from the date of his jury demand unless he occasions the delay or another exception not pertinent to this case applies. 87 Ill. 2d R. 505; Ill. Rev. Stat. 1983, ch. 38, par. 103—5, respectively.

"The burden is on the State to take the steps necessary to bring about a prompt trial. [Citation.] The statute is tolled only when there has been an 'actual' delay of trial clearly attributable to defendant. [Citation.]" *People v. Hannah* (1975), 31 Ill. App. 3d 1087, 1089, 335 N.E.2d 84, 86.

A demand for jury trial by the recipient of a traffic ticket is, *ipso facto*, a demand for speedy trial. (*People v. McCarrey* (1984), 122 Ill. App. 3d 61, 460 N.E.2d 781.) Even when the court sets trial beyond the statutory period, no presumption of agreement or waiver arises from a silent record. "Determination of accountability for delay rests in the judgment of the trial court and its decision should be sustained on appeal unless it is clearly shown that the court's discretion was abused." *People v. Parker* (1978), 59 Ill. App. 3d 302, 304, 375 N.E.2d 465, 467.

The defendant demanded but was deprived of a speedy trial. The record neither provides an explanation for the delay nor suggests that the defendant occasioned the delay. Therefore, dismissal was proper.

Accordingly, we affirm the judgment of the circuit court of Iroquois County.

Affirmed.

BARRY and SCOTT, JJ., concur.