THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SIDNEY A. LORAH, Defendant-Appellee.

Third District   No. 3—85—0449

Opinion filed March 27, 1986.

Tony L. Brasel, State's Attorney, of Watseka (Dennis E. Both, Assistant State's Attorney, of counsel), for the People.

No brief filed for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

On February 15, 1984, Sidney Lorah, the defendant, was issued a ticket and complaint for unlawfully operating a motor vehicle with an overweight rear tractor axle. (Ill. Rev. Stat. 1983, ch. 95½, par. 15—111(g).) The defendant immediately posted bond. On March 14, 1984, on its own motion, the court continued the defendant's first appearance date to April 4, the date that the defendant orally pleaded not guilty and demanded a jury trial and that the court ordered the cause placed on the jury trial calendar. Nothing further transpired until June 4, 1985, when the defendant filed a motion to dismiss for not being speedily brought to trial. The court subsequently allowed the defendant's motion. From that ruling, the State appeals.

The State argues that Supreme Court Rule 505 (87 Ill. 2d R. 505) is inapplicable to the defendant. Therefore, the defendant failed to affirmatively demand a speedy trial.

Even though the defendant-appellee has not filed a brief, we choose to address the merits of the appeal. *First Capitol Mortgage*

*Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Rule 505 provides, in part, that a defendant who has been issued a uniform citation and complaint or a notice to appear in lieu thereof is entitled, upon demand, to be tried as prescribed in section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1983, ch. 38, par. 103—5). Section 103—5(b) provides that a defendant on bail shall be tried within 160 days of his trial demand. Ill. Rev. Stat. 1983, ch. 38, par. 103—5(b).

The defendant's ticket and complaint charged that on February 15, 1984, at 12:56 p.m., the defendant unlawfully operated a 1981 semi-type motor vehicle of the second division, registration number 63-581 (1983), upon a public highway at scale number 17, Sheldon, near Illinois routes 24 and 52 in Sheldon Township, Iroquois County, and then and there committed the offense of having excess weight on his rear tractor axle in violation of paragraph 15—111(g) of the Illinois Vehicle Code. Ill. Rev. Stat. 1983, ch. 95½, par. 15—111(g).

The defendant's ticket is similar in form to the uniform traffic ticket and complaint at issue in *People v. Walker* (1974), 20 Ill. App. 3d 1029, 314 N.E.2d 641. Also, the defendant's ticket apprised him of his appearance date and charged him with a traffic offense, as he was accused of violating a statute relating to the operation or use of a motor vehicle. (87 Ill. 2d R. 501(f).) We conclude, therefore, that Rule 505 applies to the defendant.

To invoke his right to trial within 160 days, a traffic defendant who is on bond need only inform the State of his affirmative oral or written jury demand which is preserved in the record. (*People v. McCarrey* (1984), 122 Ill. App. 3d 61, 460 N.E.2d 781.) His demand for jury trial is, *ipso facto*, a demand for speedy trial. (122 Ill. App. 3d 61, 460 N.E.2d 781.) Thus, Supreme Court Rule 505 affords traffic defendants the same constitutional right to speedy trial that the legislature implemented for criminal defendants in section 103—5. 87 Ill. 2d R. 505; Ill. Rev. Stat. 1983, ch. 38, par. 103—5.

Absent a complaint or proof to the contrary, we can only presume that the State was aware of the defendant's trial demand. The State had the burden of bringing about a prompt trial. (*People v. Hannah* (1975), 31 Ill. App. 3d 1087, 335 N.E.2d 84.) However, the time for speedy trial passed and the defendant's case was never set for trial. The record provides no explanation. Therefore, we conclude that the defendant demanded but was deprived of a speedy trial, and that dismissal was proper. *People v. Grudzien* (1985), 131 Ill. App. 3d 385, 475 N.E.2d 1081.

Accordingly, we affirm the judgment of the circuit court of Iroquois County.

Affirmed.

SCOTT and BARRY, JJ., concur.