THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ALLEN F. MONACO, Defendant-Appellee.

Second District    No. 85—0895

Opinion filed December 1, 1986.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Judith M. Pietrucha, Assistant State's Attorneys, of counsel), for the People.

John F. Donahue, of Oak Brook, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Allen F. Monaco, was issued uniform traffic citations for speeding in violation of section 11—601(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—601(b)) and driving while license revoked in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—303) on July 12, 1984, in Du Page County, Illinois. On motion of defendant the charges were dismissed for violation of the speedy-trial provisions of Supreme Court Rule 505 (103 Ill. 2d R. 505). The State appeals contending that (1) the trial court erroneously ignored a 1977 administrative order of the circuit court of Du Page County which, pursuant to the provisions of Rule 505, relieves the State from the provisions of Rule 505 in traffic matters and ordinance violations arising in Du Page County and (2) while acknowledging that the speedy-trial provisions of section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(b)) operate independent of Rule 505, nonetheless, defendant's jury demand was ineffective as a speedy-trial demand under the speedy-trial statute.

Defendant has not filed an appellee's brief. Nevertheless, the rec-

ord is simple, and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief. Therefore, we choose to address the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

Supreme Court Rule 505 provides in relevant part:

"If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1983, ch. 38, par. 103—5). *** *Any State agency or any unit of local government desiring to be exempt from the requirements of this Rule 505 may apply to the conference of Chief Circuit Judges for an exemption.*" (Emphasis added.) (103 Ill. 2d R. 505.)

The State has requested us to take judicial notice of the fact that there was such an exemption in effect in Du Page County. We take judicial notice of that exempting administrative order. *May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 159, 355 N.E.2d 7.

Administrative Order No. 77—50 provided as follows:

"STATE OF ILLINOIS   )
                     ) SS
COUNTY OF DUPAGE   )

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS
ADMINISTRATIVE ORDER NO. 77—50

WHEREAS, on October 21, 1977 the Chief Judge, on the request of the Clerk of the Circuit Court, made application to the Conference of Chief Circuit Judges to exempt the forty-four ticket writing agencies in Du Page County, with the exception of the State Highway Police, from the requirements of Rule 505 of the Supreme Court Rules; and

WHEREAS, on November 18, 1977, by unanimous vote, the Conference of Chief Circuit Judges did vote to exempt the aforesaid forty-four Du Page County ticket writing agencies from the requirements of Rule 505 of the Supreme Court Rules.

IT IS HEREBY ORDERED that the trial provisions of Rule 505 are discontinued, and that trials in traffic matters and ordinances violations in the Circuit Court of the 18th Judicial Circuit shall be held under the provisions of Rule 504, with the ex-

ception of the State Highway Police.

IT IS FURTHER ORDERED that the arresting officers in traffic cases appear ready for trial on the first Court date set, as provided in Rule 504, and that said officers not supply to the defendant the blue "request for trial" copy of the traffic ticket.

IT IS FURTHER ORDERED that copies of this Administrative Order be directed to each agency involved, and that the effective date of this order be December 1, 1977.

ENTER:

GEORGE W. UNVERZAGT,
Chief Judge

Wheaton, Illinois
Dated: November 23, 1977"

Attached to Administrative Order No. 77—50 is a certification of the action of the Conference of Chief Circuit Judges by its secretary, William M. Madden, dated September 17, 1985. We conclude that the prosecution of traffic matters and ordinance violations in Du Page County are exempt from the provisions of Supreme Court Rule 505 (103 Ill. 2d R. 505).

Rule 505 specifically states that a jury demand constitutes a demand for speedy trial. Therefore, cases decided pursuant to Supreme Court Rule 505 are inapplicable to traffic cases in Du Page County where the provisions of Rule 505 do not apply. Therefore, the following cases relied upon by defendant below are distinguishable because they interpret the requisite demand in terms of Rule 505: *People v. Lorah* (1986), 142 Ill. App. 3d 163, 491 N.E.2d 793; *People v. Grudzien* (1985), 131 Ill. App. 3d 385, 475 N.E.2d 1081; *People v. McCarrey* (1984), 122 Ill. App. 3d 61, 460 N.E.2d 781; and *People v. Herbert* (1984), 122 Ill. App. 3d 43, 460 N.E.2d 86.

The State concedes that the provisions of the speedy-trial statute (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)) are operative independent of Rule 505. However, the State maintains that defendant's oral request for a jury trial does not operate to invoke his statutory right to a speedy trial under that statute. Since we have concluded that this case, being prosecutions of traffic matters arising in the circuit court of Du Page County, is exempt from the application of Supreme Court Rule 505, we address the State's contentions in terms of section 103—5(b) (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)).

The State argues that defendant has waived any issue as to a denial of a speedy trial because: (1) he did not argue or attempt to prove a deprivation of his right to a speedy trial in the court below; (2)

defendant did not move for a speedy trial either orally or in writing; and (3) a defendant's initial request for a jury trial or his indication of readiness for trial cannot be considered as a demand for an immediate trial.

We first consider the State's waiver argument and reject it. The report of proceedings of October 9, 1985, was devoted almost exclusively to defendant's arguments that his jury demand constituted a demand for speedy trial and for which he cited as authority the cases we have just distinguished. Indeed the trial court dismissed the case on the basis of the applicability of the speedy-trial provisions of Rule 505, apparently disregarding Administrative Order No. 77—50 discussed earlier in this opinion. However, while the court erred in dismissing the charge against defendant on the basis of Rule 505, the judgment of the court may be upheld on any basis appearing in the record. (*People v. Merz* (1984), 122 Ill. App. 3d 972, 976, 461 N.E.2d 1380.) Therefore, we consider the balance of the State's substantive issues.

Under section 103—5(b) when a defendant is released on bond, a trial demand must be made in order to trigger the running of the speedy-trial term. (*People v. O'Connor* (1978), 66 Ill. App. 3d 786, 788, 384 N.E.2d 149; *People v. Dimond* (1977), 54 Ill. App. 3d 146, 150, 369 N.E.2d 383.) Where a defendant is at liberty on bond at all times subsequent to the filing of the complaint, the original request for a jury trial cannot be considered as a demand for an immediate trial, but only a demand that when the trial is held it would be before a jury. (*People v. Baskin* (1967), 38 Ill. 2d 141, 145, 230 N.E.2d 208.) The trial demand must be clear, unequivocal, and apparent from the record. (*People v. Althide* (1979), 71 Ill. App. 3d 963, 966, 389 N.E.2d 240.) Although the demand need not be in writing, it is the better practice. (*People v. Schoo* (1977), 55 Ill. App. 3d 163, 166, 371 N.E.2d 86.) Since defendant here makes no claim that he filed a demand for speedy trial *in haec verba*, we conclude that the trial court erred in dismissing the traffic citations.

In sum, we hold that the speedy-trial provisions of Supreme Court Rule 505 do not apply to the prosecution of non-State Highway Police traffic matters arising in Du Page County; the cases holding that a jury demand is a speedy-trial demand under Supreme Court Rule 505, therefore, are inapposite to cases involving traffic matters prosecuted in Du Page County; it was error for the circuit court of Du Page County to dismiss defendant's traffic citations on the basis of a violation of the speedy-trial provisions of Rule 505; the trial court's dismissal of the citations cannot be sustained on any other grounds ap-

pearing in the record because no demand for a speedy trial was made by defendant as required by the statute; and defendant's request for a jury trial did not constitute a demand for speedy trial as required by section 103—5(b) (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)). In light of our disposition of this case, we need not consider the other contentions raised by the State.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for trial.

Reversed and remanded.

REINHARD and WOODWARD, JJ., concur.