THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SAMMY EDGERSON, Defendant-Appellee.

Third District   No. 3—86—0826

Opinion filed September 18, 1987.

John A. Barra, State's Attorney, of Peoria (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The State appeals from an order dismissing the charges against the defendant, Sammy Edgerson, on grounds that his statutory rights were violated because he was not brought to trial within 160 days of his demand. The State argues that the defendant's trial demand was not a demand for speedy trial. We agree.

The defendant was arrested on August 17, 1985, and posted bond the next day. He subsequently was charged with aggravated assault and battery. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—2(a)(6), 12—3(a)(2).) After three continuances, the defendant pleaded not guilty on January 17, 1986, and the cause was scheduled for jury trial on March 19. Nine days prior to trial, the court allowed the defendant a continuance and, at his request, extended the trial date to July 16. Then and again on September 24, the court continued the cause due to involvement in other trials. On November 12, 1986, the defendant moved for dismissal alleging he had not been tried within 160 days of his trial demand in violation of section 103—5(b) of the Criminal Code of 1963. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).) In allowing the defendant's motion, the court relied upon *People v. Lorah* (1986), 142 Ill. App. 3d 163, 491 N.E.2d 793, and found that the defendant's demand for jury trial was *ipso facto* a demand for speedy trial. Consequently, the court considered the 220-day delay grounds for dismissal. This appeal ensued.

■ Section 103—5(b) of the Code of Criminal Procedure of 1963 provides that every defendant on bail shall be tried within 160 days of

his trial demand unless he occasions a delay. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).) A person on bail invokes his statutory right to speedy trial by an affirmative trial demand. (*People v. Jones* (1981), 84 Ill. 2d 162, 417 N.E.2d 1301.) Neither indicating readiness to proceed with trial nor requesting a jury trial constitutes an immediate trial demand that commences the running of the 160-day period. (*People v. Wyatt* (1977), 47 Ill. App. 3d 686, 365 N.E.2d 373.) Instead, a defendant must clearly, apparently and unequivocally communicate his desire to be tried within 160 days. *People v. Monaco* (1986), 150 Ill. App. 3d 278, 501 N.E.2d 852.

■ Supreme Court Rule 505 relaxes those requirements for defendants who have been issued uniform citations and complaints or conservation tickets, and provides that their demanded trial by jury shall be scheduled during the time prescribed in section 103—5. (87 Ill. 2d R. 505.) Those defendants need only inform the State of their jury demand to *ipso facto* demand a speedy trial pursuant to Rule 505. (*People v. Lorah* (1986), 142 Ill. App. 3d 163, 491 N.E.2d 793.) Defendants outside the gambit of Rule 505 who request a jury trial do not, however, automatically demand a speedy trial as required by section 103—5(b). (*People v. Monaco* (1986), 150 Ill. App. 3d 278, 501 N.E.2d 852.) Thus, we find that the trial court inappropriately construed the instant defendant's trial demand as a demand for speedy trial.

■ On January 17, 1986, the defendant demanded a trial by jury on his criminal charge. The record does not indicate that the defendant ever communicated a desire to be tried within 160 days. In fact, after he demanded trial, the defendant was allowed to delay his trial 119 days. The defendant, who was outside the scope of Rule 505, never demanded a speedy trial. Thus, we find the fact that the court's last continuance extended the trial date more than 160 days from the date of the defendant's trial demand inconsequential.

Accordingly, the judgment of the circuit court of Peoria County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

STOUDER and WOMBACHER, JJ., concur.