THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ELIJAH T. HARDY, Defendant-Appellee.

Third District   No. 3—87—0552

Opinion filed May 2, 1988.

John A. Barra, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE SCOTT delivered the opinion of the court:
The trial court dismissed the information charging the defendant,

Elijah Hardy, with criminal sexual abuse. (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(b)(1).) The State appeals arguing that no speedy trial violation occurred. We agree.

The defendant posted bond prior to being charged with the instant offense on December 22, 1986. One week later, the defendant pleaded not guilty to the charge, and the court set his jury trial for the following February 25. At his February 9 pretrial, the defendant chose to remain on the jury call. On the scheduled February 25 trial date, the State amended the defendant's charge and due to another trial, the court continued the defendant's trial to April 29. On that date, the court allowed the defendant to continue the cause to June 10. Due to another trial on that date, the court rescheduled the defendant's trial for July 29. That day the defendant orally moved to dismiss the cause because he had not been tried within 160 days of his demand. The court allowed the defendant's motion. This appeal ensued.

The State suggests that the trial court's reliance on *People v. Lorah* (1986), 142 Ill. App. 3d 163, 491 N.E.2d 793, was misplaced. This court therein held that under Supreme Court Rule 505 (107 Ill. 2d R. 505), a traffic defendant also has a criminal defendant's right to be tried within 160 days of his demand, unless he occasions a delay as defined in section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)). A traffic defendant can invoke that right by simply demanding a jury trial.

The State denies that the instant defendant's jury demand was an unequivocal speedy trial demand and considers dispositive this court's decision in *People v. Edgerson* (1987), 160 Ill. App. 3d 382, 513 N.E.2d 632. In *Edgerson,* we held that an affirmative trial demand triggers a criminal defendant's statutory right to speedy trial but that a simple request for jury trial does not automatically demand a trial within the ensuing 160-day period. To commence the running of that period, a criminal defendant must clearly, apparently and unequivocally communicate his desire to be tried within 160 days. Hence, criminal defendants are distinguishable from traffic defendants.

In response the defendant asks that we (1) reconsider our holding in *Edgerson;* and (2) expand *Lorah* so that neither nontraffic nor traffic defendants' rights to speedy trial depend on specific demands. We decline to do so.

We acknowledge that section 103—5(b) simply provides for trial within 160 days of demand unless a defendant occasions a delay. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).) We reaffirm our holding in *Edgerson* (160 Ill. App. 3d 382), and require criminal defendants to

affirmatively communicate their desire to be tried within 160 days. (See *People v. McCarrey* (1984), 122 Ill. App. 3d 61, 460 N.E.2d 781; *People v. Castro* (1987), 151 Ill. App. 3d 664, 503 N.E.2d 376.) Only then is the State bound to bring a defendant to trial within the prescribed 160-day period. If it does not, then a defendant must affirmatively establish that he did not contribute to the violative delay. *People v. Helton* (1987), 153 Ill. App. 3d 726, 506 N.E.2d 307.

■ We find no demand for speedy trial in this record. When the defendant pleaded not guilty, the court simply set a trial date. The defendant later reiterated his preference for trial by jury but never objected to the court's continuances and once occasioned a 42-day delay. More importantly, the defendant never communicated a desire to be speedily tried. Seven months subsequent to his not guilty plea, he suddenly orally moved for dismissal. We find, therefore, that the defendant neither demanded a speedy trial nor established that the delay in bringing him to trial was a section 103—5(b) violation. Hence, the trial court erred in dismissing the charge against the defendant.

Accordingly, the judgment of the circuit court of Peoria County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

HEIPLE and WOMBACHER, JJ., concur.