THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DONALD J. CROWE, Defendant-Appellee.

Fourth District   No. 4—89—0409

Opinion filed February 22, 1990.—Rehearing denied April 20, 1990.

Richard L. Broch, State's Attorney, of Tuscola (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Mark T. Petty, of Arcola, for appellee.

JUSTICE LUND delivered the opinion of the court:

On August 26, 1988, defendant Donald Crowe was charged with four traffic violations. On September 12, 1988, an information was filed in the circuit court of Douglas County alleging that, based on the same incident for which he was ticketed, defendant committed the offense of reckless homicide in violation of section 9—3 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 9—3). On April 14, 1989, pursuant to defendant's motions, the court dismissed all the cases for violations of the speedy-trial provisions of the Code. The State now appeals.

Defendant Donald Crowe was charged, on August 26, 1988, by uniform traffic complaint citations with four violations of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 et seq.). These were driving under the influence of alcohol (DUI), failure to reduce speed to avoid an accident, driving in the wrong lane, and failure to wear a seat belt. Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a), 11—601(a), 11—701, 12—603.1.

On September 6, 1988, defendant, free on bail, appeared with counsel, pleaded not guilty, and filed a written demand for a speedy jury trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5). The written demand was captioned only with the DUI case number. The cases were set for an October 31 jury trial.

On September 12, 1988, defendant was charged by information with committing two counts of the felony offense of reckless homicide. (Ill. Rev. Stat. 1987, ch. 38, par. 9—3.) Count I alleged he caused the death of another by driving at a speed greater than is reasonable and crossing the center line into oncoming traffic while he was under

the influence of alcohol. Count II contained the same allegations except for the influence-of-alcohol allegation. Defendant's initial appearance was on September 27. At all times, he was free on bond.

On October 19, a preliminary hearing was held on the felony. The court found probable cause existed as to count I, but not as to count II. Defendant pleaded not guilty, and the matter was set for a jury trial on January 23, 1989. On October 28, the State requested that the traffic and felony cases be consolidated for trial. Without any objection by the defendant, it was so ordered, with trial being set for January 23.

On January 4, 1989, defendant filed a motion in the felony case, seeking to dismiss the case or, in the alternative, to exclude evidence. The motion was based on the State's failure to comply with the court's discovery order. That order, filed October 19, indicated the State was to comply within 21 days. On January 9, the State filed its answer to discovery, listing 14 possible witnesses.

On January 12, the court, upon finding the defendant would not be ready for the January 23 trial date due to the State's failure to comply with the discovery motion, continued the trial to April 24, upon its own motion.

On March 10, defendant filed a motion seeking to dismiss the DUI based upon the violation of a speedy-trial request. The court dismissed this case, but specifically held that this order did not affect the other traffic tickets. Defendant later filed a motion seeking to dismiss the remaining charges, both felony and traffic, based on the State's failure to comply with the speedy-trial demand of September 6, 1989, made in the DUI case. The court, on April 19, entered a written order dismissing all charges. The State appeals the dismissal of the felony.

The trial court, in determining all the charges should be dismissed, found that all the charges constituted a single prosecution, since they arose from the same conduct and the facts serving as a basis of the offenses were either known, or should have been known, to the State when the initial charges were commenced. It also found that the continuance of the trial from January 23 should not be attributed to defendant, since it was needed due to the State's failure to comply with the discovery order. The court concluded that all the charges constituted a single prosecution, and "defendant's written demand for speedy trial by jury filed in cause No. 88—TR—1924, being the first offense charged from the conduct, applied to all charges simultaneously filed or thereafter filed which arose from the same conduct of defendant known to the prosecution at the commencement of the prosecution." In reaching its decision the court relied on *People v.*

*Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840, *People v. Rodgers* (1982), 106 Ill. App. 3d 741, 435 N.E.2d 963, and section 3—3 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 3—3).

In *Williams*, the defendants were charged with rape and deviate sexual assault. On the 120th day following their demand for a speedy trial, the State filed nine new and additional charges against them, which necessitated a three-day continuance. These new charges arose from the same set of circumstances upon which the original charges were based. Defendant sought to have the nine new charges thrown out, as being prosecuted more than 120 days after their speedy-trial demand. The appellate court found the three-day continuance should be attributed to the State and, agreeing with defendants, dismissed the case. In so holding, it stated:

"Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges." *Williams*, 94 Ill. App. 3d at 248-49, 418 N.E.2d at 846.

In *Rodgers*, the court cited the above language approvingly in dismissing a case. Finally, section 3—3 of the Code provides in relevant part:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act." Ill. Rev. Stat. 1987, ch. 38, pars. 3—3(a), (b).

In the present case, the court observed that the decedent died at the scene of the accident. It therefore concluded that these facts were known to the State at the time of the traffic violations, and that all the charges should, therefore, be considered a single prosecution. The court then relied on the language in *Williams*, and held that the felony charge was susceptible to the same statutory limits as the traffic charges.

While the quoted language in *Williams* is made without citation, it appears, after review of that case and others, that this proposition is based on application of section 3—3. The paragraph which con-

tained the earlier quoted language also includes citations to two other cases helpful to our analysis. These are *People v. Parker* (1978), 59 Ill. App. 3d 302, 375 N.E.2d 465, and *People v. King* (1972), 8 Ill. App. 3d 2, 288 N.E.2d 672.

In *Parker*, the defendant was indicted for bribery and official misconduct in March 1974. In October 1975 he was reindicted for these offenses, plus a count of theft which arose out of the same facts. The appellate court affirmed the dismissal, in January 1976, of all charges for speedy-trial violations. It concluded this dismissal also applied to the theft charge since, citing *King*, that charge "arose from the same set of facts as the other charges, and the State knew of these facts at the time the initial indictment was returned." (*Parker*, 59 Ill. App. 3d at 305, 375 N.E.2d at 468.) *Parker* and *Williams* were cited in *Rodgers* for this proposition.

*King* appears to be the first case to address this comparable fact situation. There, defendant was placed in custody on March 4, 1968, and charged with murder. On October 4, 1968, he was indicted for unlawful use of weapons, which arose out of the same factual setting as the murder. The appellate court concluded the weapons charge should be dismissed. It relied entirely on the compulsory-joinder provisions of section 3—3(b) in arriving at that conclusion.

Thus, it appears the basis of the holdings in these cases is the compulsory-joinder provisions of section 3—3(b). If the newly charged offenses are known to the State at the time of the original prosecution, and they arise from the same set of facts, then they are subject to the speedy-trial limits that apply to the original charge regardless of when the new charges are filed. In the case at bar, it is clear that the charges arise from the same factual setting and, since the victim died at the scene, the State was aware of these facts at the commencement of the prosecution. Thus, normally, the court's decision would appear proper.

However, the case at bar has a slight factual distinction which calls for a different result. In the above-discussed cases, the original prosecution was for a felony charged by information or indictment, as were the subsequent charges. In the present case, the original charges were traffic offenses brought by uniform citation and complaint forms, and the subsequent offense was a felony brought by information. While this distinction might, at first blush, appear immaterial, our supreme court's analysis in *People v. Jackson* (1987), 118 Ill. 2d 179, 514 N.E.2d 983, indicates otherwise.

There, the defendant was charged by uniform traffic citation and complaint with the offense of DUI. At his initial appearance, he

pleaded guilty. Subsequently, the State indicted defendant for the offense of reckless homicide. The question was whether the initial guilty plea barred any further prosecution. The court first concluded the felony prosecution was not barred by the double-jeopardy doctrine. *Jackson*, 118 Ill. 2d at 191, 514 N.E.2d at 988.

Defendant Jackson's second contention was that the felony prosecution was barred by the compulsory-joinder statute, since it was not joined with the DUI prosecution. (See Ill. Rev. Stat. 1987, ch. 38, pars. 3—3, 3—4(b).) In addressing this argument, the court stated:

"Further there is the underlying assumption in the argument that a charge in a traffic ticket is the type of offense referred to in our compulsory-joinder statute (section 3—3), which compulsory joinder is then referable to section 3—4, which bars further prosecution in certain instances of offenses that should have been joined. *We hold today that the compulsory-joinder provisions of section 3—3 do not apply to offenses that have been charged by the use of a uniform citation and complaint form provided for traffic offenses.* [Emphasis added.] (See 107 Ill. 2d R. 552.) These uniform citation and complaint forms are intended to be used by a police officer in making a charge for traffic offenses and certain misdemeanors and petty offenses. An accused cannot be charged with a felony by the use of a uniform citation form. (*People v. Pankey* (1983), 94 Ill. 2d 12, 17.) The traffic ticket (uniform citation and complaint) issued by a police officer constitutes a complaint to which a defendant may plead. (*People v. Pankey* (1983), 94 Ill. 2d 12, 17; Ill. Rev. Stat. 1981, ch. 38, par. 111—3(b).) All prosecution for felonies must be by information or indictment. Ill. Rev. Stat. 1981, ch. 38, par. 111—2(a).

The language of the compulsory-joinder statute requires joinder of offenses only if the several offenses are known to the proper prosecuting officer at the time of the commencement of the prosecution. (Ill. Rev. Stat. 1981, ch. 38, par. 3—3(b).) It is the State's Attorney who has the responsibility to commence and prosecute all actions in which the people of the State or the county may be concerned. (Ill. Rev. Stat. 1981, ch. 14, par. 5(1).) While it is clear from the committee comments that section 3—3 was meant to 'establish an addition to the grounds of double jeopardy in this State' (Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 217 (Smith-Hurd 1972)), it is equally clear from the comments to section 3—3 that the statute contemplates active involvement by a proper prosecuting officer.

It should be remembered that this statute was written prior to our 1970 Constitution, which established a single unified trial court—the circuit court (Ill. Const. 1970, art. VI, sec. 1)—and prior to our rules for traffic and conservation offenses, which were adopted in 1967 (107 Ill. 2d R. 501 *et seq.*). Therefore, while it is obvious that section 3—3 was intended by the legislature to curtail abuses of prosecutorial discretion, it is also obvious that this statute, discussing prosecutions within the jurisdiction of a *single court,* conducted by *proper prosecuting officers,* did not contemplate the changes that were to occur in our legal system." (Emphasis in original unless otherwise noted.) *Jackson,* 118 Ill. 2d at 192-93, 514 N.E.2d at 988-89.

Thus, it is clear the compulsory-joinder provisions of section 3—3 do not apply to the factual situation now before us. Since it is application of this section which is the underpinning of the holdings in *Williams* and *Rodgers,* it is also clear these cases are inapplicable.

Defendant attempts to distinguish *Jackson* by observing the following sentence to the above-quoted language reads:

"We do not believe that the legislature intended that a driver could plead guilty to a traffic offense on a traffic ticket issued by a police officer and thereby avoid prosecution of a serious offense brought by the State's Attorney, such as reckless homicide, through the use of sections 3—3 and 3—4 of the Criminal Code." (*Jackson,* 118 Ill. 2d at 193, 514 N.E.2d at 989.)

Accordingly, he maintains the analysis of *Jackson* should be limited to situations in which a defendant is attempting to bar a subsequent felony prosecution based on a prior traffic adjudication, and it should not apply to cases involving application of the statutory speedy-trial provisions.

However, it does not appear the court intended to so limit its decision. The analysis is premised on the fact that the State's Attorney is the proper prosecuting officer referred to in section 3—3. It is the commencement of prosecution by the State's Attorney which invokes application of the compulsory-joinder provisions. Therefore, in *Jackson* this section did not apply until the filing of the reckless homicide charge. This analysis is equally applicable to our present factual situation. It is evident, then, that *Jackson* does apply to the present situation and, accordingly, the court's decision to dismiss the felony, based on the speedy-trial demand in the traffic case, is incorrect.

Defendant proposes two alternative grounds for affirming the court's dismissal order. The first is that he did, in fact, demand a speedy trial on the felony. The second is that dismissal of the DUI

ticket requires dismissal of the felony charge.

Defendant observes, in making this second argument, that the State has not appealed the dismissal of the traffic tickets and 30 days have passed. He believes the fact these tickets cannot be reprosecuted bars any prosecution of the felony. It is not entirely clear whether defendant is relying on double jeopardy or section 3—3 in his reasoning.

■ In either case, the question has been resolved by the court in *Jackson.* There, the court held that neither double jeopardy nor section 3—3 barred a reckless homicide prosecution, even though the defendant had pleaded guilty to the underlying DUI charge. We fail to see any reason to deviate from this analysis simply because, rather than being pleaded guilty to, the underlying ticket is dismissed for a speedy-trial violation. Further, double jeopardy would not apply because the question of defendant's guilt or innocence on the traffic tickets was never submitted to the jury. See *People v. Luallen* (1989), 188 Ill. App. 3d 862, 544 N.E.2d 1206.

In maintaining that he did make a speedy-trial demand, defendant focuses on the preliminary hearing on October 19. He notes that, after the finding of probable cause, discussion arose concerning trying the felony and traffic cases together. Defense counsel stated:

> "Your Honor, I'm not making a motion to combine those cases for purpose of trial. I think it is up to the People to decide if they want to proceed with a trial at this time, and determine whether or not jeopardy attaches or not. But, I've got a Demand for Speedy Trial on file and it won't run by the next jury setting, but I'm not making a motion to consolidate these cases."

He also observes that section 114—7 of the Code of Criminal Procedure of 1963 provides that when charges are consolidated, the "procedure shall be the same as if the prosecution were under a single charge." (Ill. Rev. Stat. 1987, ch. 38, par. 114—7.) He maintains that counsel's statement, coupled with the fact the causes were consolidated for trial, makes clear that he made his intention to have a speedy trial on the felony known.

■ However, this court has endeavored to create a bright-line rule by holding that a defendant desiring a speedy trial must make a clear and unequivocal demand for one. As we recently explained:

> "Under section 103—5, when a defendant is released on bond, a trial demand must be made in order to trigger the running of the speedy trial term. (*People v. Monaco* (1986), 150 Ill. App. 3d 278, 282, 501 N.E.2d 852, 855.) Where a defendant is

at liberty on bond at all times subsequent to the filing of a complaint, the original request for a jury trial cannot be considered a demand for an immediate trial, but only a demand that when the trial is held, it would be before a jury. (*People v. Baskin* (1967), 38 Ill. 2d 141, 145, 230 N.E.2d 208, 210; *Monaco*, 150 Ill. App. 3d at 282, 501 N.E.2d at 855.) The trial demand must be clear, unequivocal, and apparent from the record. *People v. Althide* (1979), 71 Ill. App. 3d 963, 966, 389 N.E.2d 240, 242.

In the present case, a review of the arraignment hearing establishes that no demand for a speedy trial was made, but, rather, defendant indicated he would like a jury trial. The docket entry for that day reads: 'Def. pleads not guilty and cause placed on Sept. 1988 jury docket.' A preprinted order form was also filed that day. This form reads: 'Defendant pleads not guilty & demands jury trial.'

It is apparent, then, that defendant has not made a clear, unequivocal demand for an immediate or speedy trial. Rather, pursuant to *Baskin*, he has simply indicated a desire to be tried by a jury. If defendant wished to invoke the provisions of section 103—5, it would have been a simple matter to demand an immediate or speedy trial pursuant to this section. Short of such a demand, a defendant's desires are ambiguous, and it will be concluded no speedy trial demand has been made." *People v. Holm* (1989), 188 Ill. App. 3d 908, 915, 544 N.E.2d 1237, 1242-43.

■ The jury trial request in the present case is similarly ineffective in invoking the speedy-trial procedures. It is not the duty of the court, or the State, to attempt to glean from various statements and different pending cases what is defendant's real desire. If defendant truly desired a speedy trial, he could very easily have specifically asked for one during the quoted discussion. Without such a specific demand, the State is under no obligation to bring defendant to trial within the statutory period.

Accordingly, for the above-mentioned reasons, we reverse the order of the Douglas County circuit court dismissing the reckless homicide charge, and remand the cause for further proceedings.

Reversed and remanded.

SPITZ and GREEN, JJ., concur.