THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
WILLIAM D. PARKER, Defendant-Appellee.

First District (4th Division)   Nos. 76-1505, 76-1506 cons.

Opinion filed April 13, 1978.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Larry L. Thompson, and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Patrick A. Tuite, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, William D. Parker, was indicted for bribery and official misconduct. He was subsequently re-indicted for theft, bribery, and official misconduct based upon the same facts. The trial court granted defendant's motion to dismiss both indictments on the grounds that defendant was not brought to trial within the period prescribed by statute. The State appeals from that dismissal.

We affirm the dismissal by the trial court.

Defendant was arrested on August 14, 1973, for allegedly soliciting and

accepting $500 from a Chicago police officer. The money was taken in exchange for obtaining a position as a Cook County sheriff's deputy for the officer. Defendant was released on bond the same day.

An indictment was returned in March 1974 charging defendant with bribery and official misconduct. He was arraigned March 12, 1974, and plead not guilty. On April 21, 1975, defendant made a demand for trial. The State requested a continuance to May 23, 1975. Two more motions for continuances were subsequently made by the State, to July 9, 1975, and to August 8, 1975. On both dates, the defense demanded trial.

On August 8, 1975, defense counsel was not present in the morning when the case was called, and the matter was passed over until the afternoon. When the case was again called, assistant state's attorney Kayman informed the court that he had spoken with defense counsel, Patrick Tuite, and had agreed to a new trial date, August 15, 1975. The common law record indicates that this continuance was "by agreement." On August 15, 1975, the State again moved for a continuance, as it did on September 12, 1975, October 3, 1975, and October 31, 1975. On each date, the defense demanded trial.

On October 27, 1975, defendant was re-indicted for theft, bribery, and official misconduct. These charges arose from the same facts which were the basis for the first indictment.

In December 1975, defendant filed motions to dismiss both indictments on the ground that he was not brought to trial within 160 days after his demand for trial. His position was that he did not cause the delay which occurred on August 8, 1975.

A hearing on the motions to dismiss was held on January 5, 1976. Assistant state's attorney Kayman testified that on Friday, August 8, 1975, he telephoned defense counsel Tuite after the morning call, informed him that there was a jury trial proceeding in the courtroom and that the State would be ready to proceed on August 15, 1975. Kayman was then asked what defense counsel's response was to the suggestion of a continuance and the proposed date:

"Q. What, if anything, did Mr. Tuite say in response to your conversation with him?

A. I asked Mr. Tuite if he would agree to a date, and the date would have been a week from that Friday. He said he would agree to that date. I said would that be by agreement.

Q. What, if anything did Mr. Tuite say?

A. Mr. Tuite said it would be and Mr. Tuite said he did have other matters to contend with that afternoon, so I told him that we would get the by-agreement date and that he would not have to appear here."

On cross-examination, Kayman stated that a jury trial had been going on for the entire week of August 8, 1975 and had gone over into the following week.

The trial court in dismissing the indictments, noted that in addition to the persistent demands for trial, it was considering the status of the court's trial call on August 8, 1975 and the likelihood of the case being tried on that date.

Opinion

The Code of Criminal Procedure of 1963 provides that a person on bail or recognizance shall be tried within 160 days from the date he demands trial, unless delay is occasioned by defendant and other exceptions not pertinent in this case. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b).) If delay resulting from the August 8, 1975, continuance was not occasioned by defendant, then dismissal was proper. Ill. Rev. Stat. 1973, ch. 38, par. 103—5(d). "In determining this question, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the * * * rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him." (*People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29, 224 N.E.2d 242, 246.) Determination of accountability for delay rests in the judgment of the trial court and its decision should be sustained on appeal unless it is clearly shown that the court's discretion was abused. *People v. Ferguson* (1977), 46 Ill. App. 3d 815, 361 N.E.2d 339.

■■ In the instant case, the trial judge was justified in concluding that the August 8, 1975, continuance should not be attributed to defendant. The court was aware of its own calendar on that date and knew that a jury trial had been proceeding the entire week. Further, assistant state's attorney Kayman's testimony was far from clear in establishing that defense counsel was joining in the request for the continuance. It would be equally reasonable to conclude that the date to be set was "by agreement." When these considerations are weighed with the fact that defense counsel consistently made demands for trial, we do not believe that the trial court abused its discretion in finding no delay occasioned by defendant.

■■ Insofar as concerns the re-indictment, it is uncontroverted that the subsequent indictment, including the additional count for theft, is based upon the same facts that gave rise to the initial indictment. Re-indictment on the same offense, although in form a new crime, in substance continues to represent the State's original charge against the defendant. The running of the statutory period is not affected by a re-indictment on the same

offense. (*People v. Lee* (1969), 44 Ill. 2d 161, 254 N.E.2d 469.) It is of no consequence that the subsequent indictment contained an additional charge of theft. The theft charge arose from the same set of facts as the other charges, and the State knew of these facts at the time the initial indictment was returned. (*People v. King* (1972), 8 Ill. App. 3d 2, 288 N.E.2d 672.) As a result, the subsequent indictment is subject to the same statutory time limitations as the initial indictment.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing the indictments is affirmed.

Affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.