THE STATE OF OHIO, APPELLANT, *v.*
CLAY, APPELLEE.

(No. 3170—Decided May 27, 1983.)

Mr. *James Lewis,* assistant prosecuting attorney, for appellant.

Mr. *Howard W. Martin,* for appellee.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Trumbull County, wherein the court dismissed criminal charges against defendant-appellee, Robert Clay, for failure to comply with the speedy trial statute, R.C. 2945.71. We affirm.

On February 2, 1982, defendant was arrested and charged in Niles Municipal Court with one count of unauthorized use of a vehicle, two counts of aggravated robbery, and two counts of abduction. Additional charges of attempted rape and gross sexual imposition were returned by the grand jury, these charges being served on the defendant on April 6, 1982.

Defendant filed a motion to suppress on April 23, 1982. On May 28, 1982, the trial court journalized its entry on this motion. Counsel claimed lack of notice of this journalization. On July 20, 1982, hearing was held on defendant's motion for discharge for violation of the speedy trial provision of the Ohio Revised Code. The trial court found for defendant and discharged him. This appeal followed.

The assignment of error is as follows:

"The trial court erred in granting the defendant-appellee's motion to discharge for lack of speedy trial."

This assignment of error is without merit.

The central question is: When a defendant is arrested and charged with commission of one crime, held in jail pending indictment on additional charges, indictment is completed and service had on the defendant on those additional charges, does the computation of time for speedy trial consideration run from the original arrest date or the date of the return of the indictment containing the additional charges?

The record reflects that, at the time of arrest, the state had in its possession all of the pertinent facts which formed the basis for the original charges as well as the additional charges brought by way of indictment.

Despite claims by the appellant that until the indictment was returned there were no "pending charges [see R.C. 2945.71]," this construction would tend to frustrate the intent of the statute. Although not a case from the state of Ohio, *People* v. *Parker* (1978), 59 Ill. App. 3d 302, 375 N.E.2d 465, is instructive on the proper approach to the resolution of this problem, and essentially holds that when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge. *Id* at 305.

In this case, the state simply failed to properly prosecute the charges lodged against the appellee.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., concurs in judgment only.

FORD, J., concurs in judgment only.

FORD, J., concurring in judgment only. I concur in the conclusion that the judgment of the trial court should be affirmed in this case, but for different reasons.

The purpose of R.C. 2945.71 is a speedy trial, not necessarily a speedy charge in every conceivable situation. The state should not be absolutely foreclosed from bringing a charge of a crime of separate animus even if it stems from the same factual occurrence. The same factual occurrence approach results in an expanded application of R.C. 2945.71. The general statute of limitations adequately serves due process in this regard. Therefore, the ends of justice would be better served here if the test in a multiple crime occurrence would turn on a rationale of separate animus, rather than on which or what charge or charges were filed first, by whom and where they were brought, and whether they were of felony or misdemeanor character resulting from the same factual happenings.

Another salient reason to reinforce this logic is that the state might not have developed the evidence to a sufficient stage to file a given charge, even if it stems from the same factual basis, when it involves a completely different offense. Experience suggests that this occurrence is made more probable in a situation involving an offense of dissimilar import.

In this case, the result would be the same whether the approach in *People* v. *Parker* (1978), 59 Ill. App. 3d 302, 375 N.E. 2d 465, or a separate animus test would apply. This occurs because of the rationale expressed by the Ohio Supreme Court in its syllabus in *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242]:

"Kidnapping, as defined by R.C. 2905.01(A)(4), is an 'offense of similar import' to rape, as defined by R.C. 2907.02(A)(1), for purposes of application of R.C. 2941.25(A)."

No issue has been raised here that the alleged abduction and sexual crimes were committed separately.

Further, under the principles for the determination of a lesser and included offense, abduction is a lesser included offense of kidnapping, when the determining criteria are applied: first, severity of penalty, *Barber* v. *State* (1884), 39 Ohio St. 660; second, comparison of the elements of the offenses, *State* v. *Hreno* (1954), 162 Ohio St. 193 [55 O.O. 97]; third, that the lesser offense be of the same general character as the offense charged, *State* v. *Kuchmak* (1953), 159 Ohio St. 363 [50 O.O. 327]; and fourth, that the evidence in the given case supports the application of the lesser offense, *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 [48 O.O.2d 119], and *State* v. *Eaton* (1969), 19 Ohio St. 2d 145 [48 O.O.2d 188].

Thus, the holding of *State* v. *Donald, supra,* would also apply to the charge of abduction here as a lesser offense, which in essence then is an offense of similar import or animus for these purposes.

This approach is consistent with the conclusion reached by the Ohio Supreme Court in *State* v. *Ladd* (1978), 56 Ohio St. 2d 197 [10 O.O.3d 363].

For these reasons, I would affirm the judgment of the trial court.