The State of Ohio appeals from an order dismissing criminal charges against defendant-appellee, Charles Miller, based upon the State's failure to comply with the speedy trial statute, R.C. 2945.71. The State contends that the trial court erroneously computed the time to be counted against it when determining whether Miller's speedy trial rights had been violated.
We conclude that pursuant to the trial court's finding that a previous misdemeanor charge had been dismissed, the trial court erred by including a fifty-three day period between the dismissal of a previous misdemeanor charge against Miller and his subsequent indictment on a felony charge stemming from the same facts and circumstances. Instead, we find that the time period of R.C. 2945.71 would have been tolled during the period that no charges were pending. However, we also note that the finding that the misdemeanor charge was dismissed is not clearly supported by the record before us. Therefore, on remand the trial court must make specific findings regarding the basis for this finding.
Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Miller was arrested and charged with operating a motor vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19
(A)(1) on February 21, 1998. The charge was filed as a misdemeanor in Montgomery County District Court. According to the trial court's decision, the misdemeanor charge was dismissed on July 7, 1998.
On August 31, 1998, Miller was indicted by the Montgomery County Grand Jury on a charge of felony DUI, due to prior DUI convictions. The indictment was based on the same facts and circumstances surrounding the February 21, 1998 arrest, with the addition of a reference to Miller's prior DUI convictions. Trial was scheduled for December 9, 1998. However, on December 7, 1998, Miller filed a motion to dismiss on statutory speedy trial grounds. The trial court granted the motion and dismissed the charge. The trial court counted the time between the alleged dismissal and the filing of the indictment against the State in determining whether the speedy trial statute had been violated.
From this decision the State appeals.
 II
In its sole Assignment of Error the State asserts:
 THE TRIAL COURT ERRED IN FINDING THAT APPELLEE'S STATUTORY SPEEDY TRIAL RIGHTS WERE VIOLATED BY THE STATE.
The State contends that the trial court erred in dismissing the case against Miller for violation of his speedy trial rights. In support, the State argues that the fifty-three days between the dismissal of the misdemeanor charges and the indictment should not have been included in determining whether Miller's speedy trial rights were met. Miller argues that there is no evidence to support a finding that the misdemeanor charges were ever dismissed, and that even if they were, he was still subject to an Administrative License Suspension during the time of the dismissal.[1]
We begin by noting that although the trial court found that the misdemeanor charges were dismissed, there is nothing in the record from which we can determine whether that finding is factually correct. Therefore, this matter will be remanded to the trial court for a recitation of the factual basis for its finding that the misdemeanor charges were dismissed on or about July 7, 1998.
We next turn to the issue of whether the trial court miscalculated the speedy trial period. A person against whom a felony charge is pending "shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). If a person is being held in jail, each day held shall be counted as three days. R.C. 2945.71(E). In this case, Miller was not in jail; he was released on his own recognizance.
In order to determine the number of days that should have been counted against the State, it is necessary to separate the relevant periods to ensure that they were properly counted.The elapsed time between the date of Miller's arrest and the alleged dismissal of the misdemeanor charge totaled one hundred and thirty-six (136) days. The amount of time between the day after the alleged dismissal and the day before the indictment was handed down was fifty-three days. Ninety-eight days elapsed between the filing of the indictment and the date the felony charge was dismissed. See, State v.Broughton (1991), 62 Ohio St.3d 253, in which the Ohio Supreme Court set forth these time periods as relevant for determining speedy trial issues in a case in which the original charges were dismissed and a new indictment was subsequently filed. Id., at footnote 2.
If the fifty-three day period between the alleged dismissal of the misdemeanor and the indictment is not counted, then Miller was brought to trial in less than two hundred and seventy days; specifically, only two hundred and thirty-four (234) days had elapsed at the time of the dismissal of the felony charge. However, if that time is included in the calculation, then Miller was not brought to trial within the requisite time.
The issue is whether the time between the dismissal of the misdemeanor charge and the felony indictment is properly included in the speedy trial determination. Miller argues that since the felony indictment arose out of the same facts as the misdemeanor, and those facts were known to the State at the time of the initial charge, the time within which the trial should commence is subject to the same statutory limitation period that was applied to the original charge. In support, Miller relies on State v. Clay
(1983), 9 Ohio App.3d 216.
In Clay, the defendant was arrested on February 2, 1982 on several charges. Thereafter, on April 6, 1982, additional charges, stemming from the same facts and circumstances, were filed against the defendant.Id. The defendant was held in jail pending indictment. Id.
On July 20, 1982, the defendant filed a motion to dismiss due to violation of his speedy trial rights; the motion was sustained by the trial court and the Eleventh District Court of Appeals. Id. In affirming the dismissal, the court of appeals stated that "[w]hen new and additional charges arise from the same facts as did the original charge, and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitations period that is applied to the original charge." Id., at paragraph one of the syllabus.
We do not find this case dispositive of the issue before us. In Clay, it appears that the State simply failed to begin trial within the statutory time limit. The record does not indicate whether any events, such as a dismissal of charges, tolled the statutory time limit.
Instead, we conclude that the statutory time period would be tolled during any period between the dismissal of the misdemeanor and the indictment on the felony charge. The facts in this case are more similar to those in Broughton, supra ["the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I)"]. Accord, State v.Bonarrigo (1980), 62 Ohio St.2d 7; State v. Cosby
(May 7, 1993), Clark App. No. 2979, unreported. Therefore, if the misdemeanor charges were actually dismissed in this case, then the State was well within the speedy trial time period.
Unfortunately, the record in the case before us is not sufficient for us to review the correctness of the trial court's finding that the misdemeanor charge was dismissed on or about July 7, 1998. The proceedings in the municipal court have not been made part of the record in the case before us.[2] The presumption of regularity is of no help because the trial court's finding that the misdemeanor charge was dismissed impeaches the validity of its legal conclusion, and its legal conclusion impeaches the validity of its factual finding. We conclude that this matter must be remanded for the trial court to reconsider the motion for a speedy trial discharge. If, upon remand, the evidence supports a finding that the misdemeanor DUI charge was, in fact, dismissed on or about July 7, 1998, then the trial court incorrectly included the fifty-three days between the dismissal of the misdemeanor charges and the indictment in the time to be counted against the State. Excluding the time period of the alleged dismissal, only two hundred and thirty-four days had elapsed from the date of Miller's arrest to the date the felony charges were dismissed. Therefore, the State would still have had time within which to try Miller. Conversely, if the evidence does not support a finding that the misdemeanor DUI charge was dismissed, then the trial court may reinstate its speedy trial discharge.
The State's Assignment of Error is sustained.
 III
The State's sole Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded
for further proceedings.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Andrew T. French
Stephen W. King
Hon. David Sunderland
[1] There is no evidence in the record before us to support Miller's claim that he was subject to an ALS during the period between the dismissal of the misdemeanor charge and the indictment.
[2] Although the State attached some Municipal Court documents to its appellate brief, these records are not in the record, and cannot be considered.