OPINION
Defendant-appellant Seth Nelson appeals from the January 26, 2001, Judgment Entry of the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 24, 1994, appellant Seth Nelson was arrested and charged in Case Number 94CR120322 with attempted murder in violation of R.C. Sections 2903.02 and 2923.02. The charge stemmed from the knifing of Clifford Sinclair. The New Philadelphia Municipal Court conducted a preliminary hearing on December 2, 1994. Pursuant to a Journal Entry filed on the same date, the New Philadelphia Municipal Court bound appellant over on one charge of felonious assault in violation of R.C.2903.11(A)(1) and (2).
Thereafter, on December 22, 1994, the Tuscarawas County Grand Jury indicted appellant on one count of attempted murder. A jury trial was scheduled for January 31, 1995.
On January 19, 1995, appellant filed a motion to continue the trial date and a waiver of time. Pursuant to a Judgment Entry filed on January 30, 1995, the trial court granted appellant's motion and continued the trial until February 28, 1995.
Appellee, on February 6, 1995, filed a motion to continue the trial date. The trial court, pursuant to an order filed on February 23, 1995, granted appellee's motion and continued the trial date until April 25, 1995.
Subsequently, a jury trial commenced on April 25, 1995. Upon completion of the testimony, the trial court instructed the jury on both attempted murder and felonious assault. After concluding its deliberations, the jury found appellant not guilty of attempted murder but guilty of felonious assault. Pursuant to a Judgment Entry filed on June 29, 1995, appellant was sentenced to an indefinite term of five (5) to fifteen (15) years in prison.
Appellant filed a Notice of Appeal. Pursuant to an Opinion filed on August 6, 1996, in State v. Nelson (1996), 122 Ohio App.3d 309, this Court reversed appellant's conviction finding that the trial court had erred in giving a lesser included offense instruction on felonious assault. This Court specifically found that felonious assault was not a lesser included offense of attempted murder. While reversing appellant's conviction and ordering appellant's discharge, this Court further ordered that appellant's discharge be stayed until appellee had an opportunity to file an appeal with the Ohio Supreme Court.
Thereafter, appellee filed a timely notice of appeal with the Ohio Supreme Court. On May 20, 1998, the Ohio Supreme Court dismissed the appeal as having been improvidently allowed. See State v. Nelson (1998),82 Ohio St.3d 1207. Appellant remained incarcerated during such time.
Thereafter, on May 26, 1998, the Tuscarawas Grand Jury indicted appellant on two counts of felonious assault in violation of R.C. Section2903.11, both aggravated felonies of the second degree, in Case No. 1998CR050106. At his arraignment on May 29, 1998, appellant entered a plea of not guilty to the charges contained in the indictment. A Judgment Entry memorializing appellant's not guilty plea was filed on June 3, 1998. Appellant, on June 22, 1998, filed a "Motion to Dismiss for Due Process, Lack of Speedy Trial and Double Jeopardy." Appellant, in his motion, specifically requested that "the charges contained herein be dismissed for the reason that they are based upon alleged conduct for which he has been previously tried and eventually released." Appellant also argued that "the return of a new indictment for these charges three years after the incident violates defendant's double jeopardy, right to a speedy trial and right to due process." A Memorandum in Opposition to appellant's Motion to Dismiss was filed by appellee on July 9, 1998. The trial court, pursuant to a Judgment Entry filed on July 22, 1998, overruled appellant's motion to dismiss the indictment without setting forth its findings of fact or conclusions of law. A "Motion for Reconsideration and Request for Findings of Fact and Conclusions of Law" was filed by appellant on October 15, 1998. Appellant, in his motion, specifically requested that the trial court issue findings of fact and conclusions of law regarding its denial of appellant's Motion to Dismiss "due to the rather complicated and difficult issues in this matter." However, the trial court, pursuant to an entry filed twelve days thereafter, denied appellant's Motion for Reconsideration and Request for Findings of Fact and Conclusions of Law.
Thereafter, on January 11, 1999, appellant entered a plea of no contest to one count of felonious assault in violation of R.C. Section2903.11(A)(2). The second charge of felonious assault contained in the indictment was dismissed by appellee. The trial court found appellant guilty of one count of felonious assault in violation of R.C.2903.11(A)(2), an aggravated felony of the second degree. Appellant was sentenced by the trial court on the same date to five (5) to fifteen (15) years in prison. A Judgment Entry memorializing appellant's change of plea and sentencing was filed on January 12, 1999. In addition, a written Acknowledgment of No Contest Plea signed by appellant was filed on the same date.
Appellant timely appealed from the trial court's January 12, 1999, Judgment Entry. Pursuant to an Opinion filed on January 12, 2000, in Case No. 1999AP020007, this Court rejected appellant's argument that the trial court erred in failing to dismiss the indictment since appellant had previously been in jeopardy for the same offense. In rejecting such argument, we held that felonious assault is not a lesser included offense of attempted murder and that felonious assault and attempted murder are not allied offenses of similar import. Appellant, in his appeal in Case No. 1999AP020007, also maintained that the trial court erred in failing to dismiss the indictment since appellant had not been brought to trial within the time limits established by R.C. 2945.71. Since the trial court, despite appellant's written timely request for the same, failed to issue written findings of fact setting forth its reasons for denying appellant's Motion to Dismiss on speedy trial grounds, this Court sustained appellant's second assignment of error and remanded the matter to the trial court for the issuance of findings of fact and conclusions of law with respect to denial of such motion.
Thereafter, the trial court, pursuant to a Judgment Entry filed on February 29, 2000, ordered both parties to submit proposed findings of fact and conclusions of law "related to the issue raised by the Defense concerning violation of the statutory limits for trial." After both parties complied with the court's request, the trial court, as memorialized in a Judgment Entry filed on September 28, 2000, adopted the findings of fact and conclusions of law filed by appellee and found that a retrial did not violate appellant's speedy trial rights. Subsequently, via a Judgment Entry filed on January 26, 2001, appellant was sentenced to an indefinite prison sentence of five to fifteen years.
It is from the trial court's January 26, 2001, Judgment Entry that appellant now prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADOPTED THE STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND HELD THAT APPELLANT'S RIGHT TO A SPEEDY TRIAL HAD NOT BEEN VIOLATED EVEN THOUGH HE WAS INCARCERATED FAR IN EXCESS OF THE TIME REQUIRED BY R.C. 2945.71, BEFORE PLEADING NO CONTEST TO ONE COUNT OF FELONIOUS ASSAULT ON JANUARY 11, 1999.
 I
Appellant, in his sole assignment of error, contends that the trial court erred in holding that appellant's right to a speedy trial had not been violated. We agree.
The right to a speedy trial is encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial, to a person accused of a crime, is a fundamental right made obligatory on the states through the Fourteenth Amendment. R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and R.C. 2945.72, the accused shall be discharged. The prosecution must strictly comply with R.C. 2945.71 and 2945.73. Statev. Reeser (1980), 63 Ohio St.2d 189, 191 and State v. Rockwell (1992),80 Ohio App.3d 157, 165. Pursuant to R.C. 2945.71(C)(2), a person against whom a felony charge is pending, "[s]hall be brought to trial within two hundred seventy days after the person's arrest." For purposes of computing time under division (C)(2), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). When new and additional charges arise from the same facts as did the original charge, and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitations period that is applied to the original charge.State v. Clay (1983), 9 Ohio App.3d 216, syllabus.
As is stated above, appellant was arrested on November 24, 1994, and originally was indicted on December 22, 1994, on one count of attempted murder in Case No. 94CR120322. After appellant's conviction for felonious assault in such case was reversed on appeal by this Court pursuant to an Opinion filed on August 6, 1996, the Tuscarawas County Grand Jury indicted appellant on two counts of felonious assault in the case sub judice. We concur with appellant that the record reflects that, at the time of appellant's arrest on November 4, 1994, the state had in its possession all of the pertinent facts which formed the basis for the original charge of attempted murder as well as the additional charges of felonious assault brought by way of the subsequent indictment in this matter. As evidenced by appellee's March 3, 1995, letter to defense counsel, appellee clearly was aware that felonious assault is not a lesser included offense to attempted murder.[1] However, despite such knowledge, appellee elected to charge appellant with only attempted murder rather than with both attempted murder and felonious assault. Thus, the time within which trial was to begin on the two charges of felonious assault in the case sub judice was subject to the same statutory speedy trial limitations that were applied to the original charge of attempted murder in Case No. 94CR120322. See Clay, supra. and State v. Meeker (1971),26 Ohio St.2d 9.[2]
In the case sub judice, the number of days that appellant spent incarcerated before pleading no contest on January 11, 1999, to one count of felonious assault clearly exceeded the 270 days set forth in R.C.2945.71 within which to bring a person against whom a felony charge is pending to trial. Appellant was arrested on November 24, 1994, for attempted murder in Case No. 94CR120322. From the time of his arrest until the time appellant filed a motion for a continuance and a waiver of time on January 19, 1995, appellant spent a total of 55 days in jail. Since, pursuant to R.C. 2945.71(E), each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days, appellant had accrued 165 days of chargeable time (55 days times 3) as of his April 25, 1995, trial date.[3]
Subsequently, appellant's conviction was reversed by this Court and appellee appealed to the Ohio Supreme Court. The Ohio Supreme Court, as memorialized in a Judgment Entry filed on May 20, 1998, dismissed appellee's appeal sua sponte as having been improvidently allowed. In total, over 500 days lapsed between the date of this Court's August 6, 1996, Opinion reversing appellant's conviction and the Ohio Supreme Court's May 20, 1998, Judgment Entry. During the entire appeals process, appellant remained incarcerated at the request of the State. Thus, during the appeals process alone, appellant was incarcerated over 500 days.
Based on the foregoing, we find that appellant's speedy trial rights were violated since appellant was incarcerated well in excess of 270 days before entering a no contest plea on January 11, 1999, to one count of felonious assault.
Appellant's sole assignment of error is, therefore, sustained.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is reversed and remanded to the trial court for the issuance of an order consistent with the Memorandum-Opinion. Costs to appellee.
Hon. Julie Edwards, P.J. Hon. Sheila Farmer, J. Hon. John Wise, J. concurs.
[1] Appellee, in such letter specifically stated in part as follows: "I have also taken into consideration the possible outcome of any trial of this case. The defendant is charged with attempted murder. Felonious Assault is not a lesser included offense, and thus aggravated assault would not be available to this defendant. It seems to me that the jury would have essentially two options: to convict the defendant as charged or acquit him. Obviously, a hung jury is a possibility in any case, which means that the case may have to be re-tried."
[2] The Ohio Supreme Court, in Meeker, held as follows: "Where a defendant, at the same time and place in April, 1963, commits acts which would constitute four separate crimes, and where the state with knowledge thereof elects in June, 1963 to charge the defendant with but one of such crimes, those counts in an indictment returned in April, 1969, charging the defendant with the other three crimes, are violative of the defendant's right to a speedy trial." Id. at 17.
[3] Additional time was tolled by appellant's January 19, 1995, time waiver and motion for continuance, and by appellee's February 6, 1995, motion for further continuance.