OPINION
Defendant-appellant Quinton D. Johnson pled guilty to one count of Felonious Assault with a firearm specification, one count of Drug Possession, and one count of Intimidation. Johnson and the State jointly recommended a five year sentence for the Felonious Assault charge and an additional three years for the firearm specification, one year on the Intimidation charge, and five years on the Drug Possession charge, all to be served consecutively. The trial court accepted Johnson's plea, found him guilty, and sentenced him based on parties' sentencing recommendation. He now appeals from his conviction and sentence.
Johnson asserts that his trial counsel was ineffective because counsel did not file a motion to dismiss certain claims based on speedy trial grounds. Additionally, he claims that the lower court erred by sentencing him to a prison term over and above the statutorily prescribed minimum sentence and by imposing consecutive sentences.
We conclude that Johnson's counsel was effective because the record does not support a motion to dismiss based on speedy trial grounds. Further, Johnson may not appeal his sentence because the judge imposed the sentence recommended jointly by the prosecution and Johnson. Accordingly, the trial court's judgment is Affirmed.
 I
Johnson was arrested on August 17, 1998, for Felonious Assault with a firearm specification and two counts of Drug Possession for an incident that had occurred on August 15, 1998. Upon the State's motion, those counts were dismissed and Johnson was reindicted on November 30, 1998, on two counts of Felonious Assault with firearm specifications, two counts of Drug Possession, and one count of Having Weapons While Under Disability. The basis for the reindictment arose from the same events providing the basis for the August arrest. In March, 1999, Johnson was charged with an additional count of Drug Possession, and in April, 1999, he was charged with counts of Intimidation and Bribery.
On June 29, 1999, Johnson appeared in court with his attorney. He pled guilty to one count of Felonious Assault with a firearm specification for the events that took place on August 15, 2001. In exchange for this plea, the two counts of Drug Possession and one count of Having Weapons While Under Disability were dismissed. He also pled guilty to the count of Drug Possession charged in March, 1999, and the count of Intimidation charged in April, 1999. The count of Bribery was also dismissed. As part of the plea agreement, both parties stipulated that Johnson was to receive a sentence of fourteen years' imprisonment.
The trial court accepted his plea, found him guilty, and sentenced him to five years on the Felonious Assault charge and an additional three years for the firearm specification, one year on the Intimidation charge, and five years on the Drug Possession charge. These sentences were to be served consecutively, for a total term of fourteen years. Johnson appeals from his conviction and sentence.
 II
The State has not favored us with an appellate brief, so this appeal must be determined based upon Johnson's brief and the record on appeal. Johnson's first assignment of error is as follows:
 DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE IN THAT DEFENDANT'S TRIAL COUNSEL DID NOT FILE A MOTION TO DISMISS PURSUANT TO REVISED CODE § 2945.71 ET SEQ.
In this assignment of error, Johnson asserts that he was denied effective assistance of counsel because his counsel failed to file a motion to dismiss on speedy trial grounds. Specifically, Johnson argues that counsel should have moved to dismiss the Felonious Assault and Drug Possession charges pursuant to R.C. 2945.73 because he was not brought to trial within two hundred seventy days after his arrest as required by Ohio's Speedy Trial statutes, R.C. 2945.71, et seq. He states that three hundred sixteen days passed from the date of his initial arrest on August 17, 1998, until his trial. He claims that had a motion to dismiss been filed, there is a reasonable probability that both the Felonious Assault and Drug Possession charges would have been dismissed; thus, his trial counsel was ineffective for having failed to make the motion. We disagree.
An individual ordinarily waives his right to appeal speedy trial issues when he enters a plea of guilty. Montpelier v. Greeno (1986),25 Ohio St.3d 170, 172. Even assuming an exception to this general rule exists for appeals relating to ineffective assistance of counsel, as suggested in footnote five of Montpelier, the exception does not apply here because Johnson was brought to trial within the time limits of Ohio's Speedy Trial statutes, R.C. 2945.71 et seq.
To establish ineffective assistance of counsel, Johnson must show deficient performance on the part of his counsel resulting in prejudice to him. State v. Bradley (1989), 42 Ohio St.3d 136, 141-43. We agree with Johnson that trial counsel has a duty to protect a client's speedy trial rights and is deficient if he fails to do so; counsel cannot, however, file a speedy trial motion that is not supported by the record. Cf. State v. Clary (1991), 73 Ohio App.3d 42, 48-49.
R.C. § 2945.71(C)(2) provides that a trial of a person charged with a felony must be held within two hundred seventy days after his arrest. But R.C. § 2945.72 provides several potential bases for an extension of this time, two of which we find applicable in this case:
 The time within which an accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only by the following:
* * *
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *.
The record shows Johnson was arrested on August 17, 1998. These charges were eventually dismissed, and he was reindicted for the same events on November 30, 1998. Both the Felonious Assault with firearm specification and Drug Possession charges are second-degree felonies. R.C.2903.11, R.C. 2925.11. Consequently, the trial court had two hundred seventy days from August 17, 1998 to bring Johnson to trial unless an extension of time was warranted under R.C. § 2945.72. State v. Adams (1989),43 Ohio St.3d 67, 68 quoting State v. Clay (1983), 9 Ohio App.3d 216, 218
("When new and additional charges arise from the same facts as did the original charge, and the state knew of such facts at the time of the original indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitations that is applied to the original charge.")
In this case, the trial court set a trial date for March 10, 1999, which was well within the two hundred seventy day period. However, Johnson failed to appear for a hearing on February 24, 1999. He was subsequently arrested for bond violations on March 22, 1999. This twenty-six day period extends the period of time under which he could be brought to trial under R.C. 2945.72(D). State v. Gibson (1992),75 Ohio App.3d 388, 391. The trial was rescheduled for pretrial on April 22, 1999 and jury trial on May 4, 1999, which was still within the speedy trial time limits. However, Johnson's newly substituted counsel requested a continuance of the pretrial hearing. This continuance was granted and the pretrial was rescheduled for June 15, 1999; thus, the jury trial was reset for June 29, 1999. This fifty-three day delay between the scheduled pretrial and the rescheduled one also extends the time under which Johnson could be brought to trial under R.C. 2945.72(H). Id. Thus, even if Johnson was brought to trial three hundred six days after his arrest, he was still brought to trial within the speedy trial limits once the twenty-six day period and fifty-three day period are subtracted from the period that he awaited trial (316 — 26 — 53 = 237). Accordingly, Johnson's first assignment of error is overruled.
 III
Johnson's second and third assignments of error challenge the propriety of his sentence:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY SENTENCING DEFENDANT TO A TERM OF IMPRISONMENT OVER AND ABOVE THE STATUTORILY PRESCRIBED MINIMUM SENTENCE
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING CONSECUTIVE SENTENCES
In these assignments of error, Johnson claims the trial court erred by sentencing him to more than the minimum sentence for the Felonious Assault with firearm specification and Drug Possession charges as required under R.C. 2929.14(B). Specifically, he asserts that the trial court's sentence is contrary to law because the court did not find on the record a basis for imposing more than the minimum sentence. Additionally, he argues that the trial court's sentence is erroneous because the court did not explain on the record a basis for imposing consecutive sentences as required under R.C. 2929.14(E)(4). We disagree with both contentions.
Johnson cannot raise issues regarding the trial court's sentencing on appeal because he agreed to the sentence that was imposed. R.C. 2953.08(D) governs this issue. The statute provides, in pertinent part:
 "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in case, and is imposed by a sentencing judge * * *."
A sentence is authorized by law under R.C. 2953.08(D) when it does not exceed the maximum term proscribed by statute for the offense. State v. Gray (June 30, 2000), Greene App. No. 99-CA-103, unreported. Johnson was sentenced to five years of incarceration for one count of Felonious Assault, a felony of the second degree, with three years of incarceration for firearm specifications, and to five years incarceration for one count of Possession of Crack Cocaine, a felony of the second degree. These terms were to be served consecutively for a sentence of fourteen years. For a felony of the second degree, a court can impose a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Further, after sentencing an individual to a prison term for a felony involving a firearm of the type involved in this case, the court must impose a prison term for an additional three years. R.C. 2929.14(D). Johnson was also sentenced to one year for Intimidation, a felony of the third degree. For a felony of the third degree, a court can impose a prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). The sentences imposed upon Johnson are within the maximums specified by the sentencing statute. Therefore, the sentences were authorized by law.
Furthermore, the sentences were "recommended jointly by the defendant and prosecution." At Johnson's Plea and Disposition, the following dialogue occurred:
 Mr. Ratstatter [Assistant Prosecutor]: The State would recommend to the Court and it's my understanding that the Defendant is in agreement with the following sentencing recommendations: On the felonious assault in the Ohio State Penitentiary, plus an additional three years for the firearm specifications, plus an additional three years for the firearm specification for a total of eight years. On the intimidation, the State will recommend a one year sentence. With respect to the drug abuse, the State will recommend five years in the Ohio State Penitentiary; and, again, it's my understanding that the Defendant agrees to the fact that those sentences will run consecutively for a total of 14 yeas in the Ohio State Penitentiary. Pursuant to the plea agreement, all other charges * * * would be dismissed at the motion of the State of Ohio.
* * * *
 The Court: All right. Now, you've [Johnson] told the Court that you understand the nature of the charges and the elements of these offenses and that you understand that by pleading guilty you are admitting the truth of the facts which the Prosecutor has put on record, that you are not under the influence of drugs or alcohol and that you have discussed the case and are satisfied with the advice your attorney has given you. Other than the promises that have been made by the State of Ohio, that is the agreement for a prison sentence of a total of 14 years and dismissal of all other charges that are included in these indictments and the agreement that the probation or community control that you are now under will be terminated, has there been any promises made to you to get you to make these pleas?
Defendant: No.
* * * *
 The Court: And are you in agreement then with the recommendation that 14 years is a reasonable sentence for these offenses. Defendant: I don't think it's reasonable, but I have to deal with it.
The Court: You have agreed to that sentence?
Defendant: Yeah.
* * * *
 The Court: I've gone over this case in some detail with Counsel and find the recommendation that has been agreed to by the parties to be fair and reasonable. Therefore, it is the order of the Court that as to 98-CR-659, Count one, felonious assault, the Defendant be sentenced to five years in the Ohio State Penitentiary. As to the firearm specification, Defendant be sentenced to three years in the Ohio State Penitentiary for a total of eight years on the offense. The three years must be served consecutively to the five years. As to the intimidation in 99-CR-169, it's the order of the Court the Defendant be sentenced to one year in the Ohio State Penitentiary. As to the possession of crack cocaine in 99-CR-158, Count One, it's the order of the Court the Defendant be sentenced to five years in the Ohio State Penitentiary; that the Defendant be fined $7500, his driver's license is suspended for five years. He is to pay the costs of all of these actions; and all of the sentences, the eight years in 659, the one year in 169, and the five years in 158, are to be served consecutively for a total of 14 years.
Finally, as evidenced by the record, the consecutive sentences were imposed by the sentencing judge. Because the sentence was authorized by law, recommended jointly by the prosecution and Johnson, and was imposed by the sentencing judge, Johnson cannot raise issues relating to his sentence as error on appeal.
Johnson's second and third assignments of error are overruled.
 IV
All of Johnson's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, J.J., concur.