{¶ 1} The state of Ohio appeals from the judgment of the Portage County Court of Common Pleas, wherein the court dismissed five counts of a seventeen-count indictment on speedy trial grounds.
 {¶ 2} Appellee, Jon E. Taylor, stands accused of committing numerous sexual offenses against his wife's niece when she was a minor child residing in Taylor's home. Taylor was originally indicted by the Portage County Grand Jury on January 5, 2000, for sixteen offenses. These crimes were allegedly perpetrated between June 1, 1993 and June 1, 1996. Appellee was arrested on January 6, 2000, and he remained in jail until January 11, 2000.
 {¶ 3} Trial was scheduled for March 28, 2000, but appellee sought a continuance on the day before trial. The continuance was granted, resulting in the trial being rescheduled for May 2, 2000. Again, on the day before trial, appellee sought a continuance. This time the reason given was that appellee had retained new counsel. A continuance was granted until June 13, 2000.
 {¶ 4} A trial was conducted on June 13, 2000, wherein the trial court dismissed three of the charges, the state entered a nolle prosequi on one of the charges, and the remaining charges were submitted to the jury. The result was a hung jury which led to the declaration of a mistrial. A retrial was immediately scheduled for September 26, 2000.
 {¶ 5} Subsequently, on July 21, 2000, the Portage County Grand Jury returned an amended indictment against appellee for two counts of gross sexual imposition, three counts of felonious sexual penetration, three counts of rape, and six counts of sexual battery. On September 22, 2000, appellee filed a motion to dismiss five of the sexual battery charges that were part of the July 21 amended indictment on speedy trial grounds. The state of Ohio opposed this motion. On November 17, 2000, the trial court granted appellee's motion to dismiss five of the sexual battery counts on speedy trial grounds based upon the decision of the Supreme Court of Ohio in State v. Homan.[1] The trial court reasoned that the five counts in question were merely additional charges based on the same conduct for which appellee was originally arrested. Hence, the statutory speedy trial clock began to run at the time of appellee's initial arrest, and his waivers of time, with respect to the original charges, were not applicable to the additional charges. Thus, appellee needed to be tried no later than September 22, 2000, which was two hundred fifty-five (255) days from when appellee was released from jail. Appellee had spent five days in jail, which were counted as fifteen days due to the triple count provision.
 {¶ 6} The state of Ohio timely filed a notice of appeal and has now set forth a single assignment of error. The state contends that the trial court erred when it dismissed the five sexual battery counts on speedy trial grounds.
 {¶ 7} It is well established that once an accused has demonstrated that the applicable speedy trial time has expired, he has established a prima facie case for dismissal and the burden shifts to the state to demonstrate any tolling or extensions of time permissible under the law.[2] In the case at bar, the state argues that appellee's motions to continue the trial on the original charges tolled the speedy trial time with respect to the charges that were brought on July 21, 2000. Specifically, appellee filed motions for continuances on three occasions, which the state characterizes as misconduct on the part of appellee. However, the result proposed by the state has been rejected by the Supreme Court of Ohio in State v.Adams.[3] In Adams, the court held: "`when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'"[4]
 {¶ 8} Additionally, the Supreme Court of Ohio has held that while the original speedy trial timetable applies to new related charges, any waivers of time with respect to the original charges made prior to the filing of the additional charges do not apply to the timetable of the additional charges.[5] Thus, time on additional related charges — based on the same set of facts — is calculated from the date of the initial arrest, and all waivers of time made prior to the subsequent indictment do not factor in to the speedy trial calculation. As the court reasoned in Homan, to permit the state's proposed construction of R.C. 2945.72(E) "provides the state with an incentive to file charges piecemeal, as opposed to bringing all related charges at the same time. The potential prejudice to defendants is manifest. When a defendant is unaware of the precise nature of the crimes charged, he or she cannot make informed and intelligent tactical decisions about motion filings and other matters."[6]
 {¶ 9} The state relies on State v. Bickerstaff.[7] However, a careful review of Bickerstaff reveals that it is not on point with the present case and, if it had been, it would have been overruled by Homan.
 {¶ 10} Accordingly, the state's sole assignment of error is without merit. The trial court properly ruled that appellee's pretrial motions filed prior to the amended indictment did not extend the time within which he had to be tried on the charges brought by the amended indictment.
 {¶ 11} The judgment of the trial court is hereby affirmed.
 {¶ 12} Judgment affirmed.
ROBERT A. NADER and DIANE V. GRENDELL, JJ., concur.
[1] State v. Homan (2000), 89 Ohio St.3d 421.
[2] State v. Geraldo (1983), 13 Ohio App.3d 27, 28.
[3] State v. Adams (1989), 43 Ohio St.3d 67, 68; see, also, State v.Baker (1997), 78 Ohio St.3d 108, 110.
[4] Id. at 68, quoting State v. Clay (1983), 9 Ohio App.3d 216,218.
[5] Homan, supra, at 428.
[6] Id. at 428.
[7] State v. Bickerstaff (Nov. 17, 1982), 9th Dist. No. 1141, affirmed (1984), 10 Ohio St.3d 62.