DECISION AND JUDGMENT ENTRY
{¶ 1} The State of Ohio, Division of Wildlife ("Wildlife Division"), appeals the Adams County Court decision dismissing a criminal complaint against Luther Brumley. The Wildlife Division contends that the trial court erred in finding that it violated Brumley's right to a speedy trial by delaying its prosecution of Brumley on the charge that he unlawfully took a deer out of season. Because we find that the deer out of season case arises from the same set of facts as the Wildlife Division's original charge against Brumley for illegal possession of deer parts, and because the Wildlife Division knew of such facts at the time of the original charge, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On December 27, 2001, Brumley and Charlene Sullivan went to the deer check-in station in Peebles, Ohio to check in a freshly shot deer with Ohio Department of Natural Resources Officer Kevin Behr. Sullivan told Officer Behr that she shot the deer with a 12-gauge shotgun. Brumley stated that Sullivan killed the deer with a 12-gauge muzzleloader. Officer Behr noticed that the deer's wound was not consistent with a 12-gauge shotgun or muzzleloader injury. Officer Behr tagged the deer's antlers with a tag bearing the number 242607.
 {¶ 3} Brumley took the deer to White's Meat Processing. A few hours later, Officer Behr examined the deer's hide and carcass. He found evidence of one wound. He removed a bullet from the wound and sent it to the Bureau of Criminal Investigation for analysis. BCI determined that the bullet was a .30 caliber rifle bullet. Rifles are not legal weapons for deer hunting during the primitive weapon deer season, which was in effect on December 27, 2001. Officer Behr obtained a search warrant for Brumley's residence, 2350 Whitelock Road, which gave him the authority to search for .30 caliber firearms and deer parts.
 {¶ 4} When they went to execute the warrant, law enforcement officers found Brumley at his neighbor's home, 2338 Whitelock Road. Brumley and his neighbor accompanied the officers to Brumley's residence, where the officers conducted a thorough search but did not find any incriminating evidence. Although the officers did not possess a search warrant for the neighbor's home at 2338 Whitelock Road, and the residence is a separate structure that is not within the curtilage of 2350 Whitelock Road, the officers entered the neighbor's home by climbing through a window. In their search of 2338 Whitelock Road, they found a.30 caliber rifle and deer parts, including antlers bearing tag number 242607 and packaged deer meat. The officers also confiscated antlers from other deer.
 {¶ 5} On August 28, 2002, Officer Behr filed two criminal complaints in the Adams County Court, each charging Brumley with one count of illegal possession of deer parts in violation of R.C. 1531.02 (the "deer parts cases"). The bill of particulars filed by the Wildlife Division on one of the two counts indicated that the deer parts in question were the antlers bearing tag number 242607. Additionally, the bill specified that the Wildlife Division intended to prove, based upon Officer Behr's investigation, that the deer's wounds were consistent with wounds from a rifle rather than from a shotgun or muzzleloader.
 {¶ 6} Brumley filed a motion to suppress the evidence seized from 2338 Whitelock Road. The parties agree that the trial court orally indicated that it would grant Brumley's motion to suppress. As a result, the Wildlife Division filed a nolle prosequi in the deer parts cases.
 {¶ 7} On December 24, 2003, Officer Behr filed a criminal complaint charging Brumley with taking a deer out of season in violation of R.C.1531.02 (the "deer out of season case"). In the bill of particulars, the Wildlife Division indicated that it intended to prove that the deer Brumley checked-in on December 27, 2001 was killed by a rifle, rather than by a shotgun or muzzleloader, in violation of the weapons restrictions in place during the primitive weapon deer season. Specifically, the Wildlife Division indicated that Officer Behr inspected the deer's wound, and recovered and tested the bullet from the deer to confirm that a .30 caliber bullet caused the wound.
 {¶ 8} Brumley moved to dismiss the deer out of season case on speedy trial grounds. The trial court granted the motion, finding that the facts upon which the Wildlife Division based the deer out of season charge were contained within the deer parts cases, and that the Wildlife Division knew those facts at the time it filed the deer parts cases. Because the Wildlife Division could have filed the deer out of season charge at the same time it filed the deer parts cases, the trial court concluded that the Wildlife Division violated Brumley's constitutional right to a speedy trial by its unnecessary delay in prosecuting the deer out of season case. Therefore, the trial court granted Brumley's motion to dismiss.
 {¶ 9} The Wildlife Division appeals, asserting the following assignment of error: "The trial court erred in granting appellee's motion to dismiss based upon appellee's constitutional right to a speedy trial when there was insufficient evidence in the record to find the appellee suffered actual prejudice as required by the two part test articulated inState v. Luck, 15 Ohio St.2d 150 (1984)."
 II. {¶ 10} A trial court's decision regarding a motion to dismiss based upon a violation of the accused's speedy trial rights presents a mixed question of law and fact. We accord deference to the trial court's findings of fact if competent, credible evidence in the record supports them. However, we independently review whether the trial court properly applied the law to the facts of the case. State v. Russell (June 30, 1998), Athens App. No. 97CA37, citing State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97 CA 2 97 CA 4; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980.
 {¶ 11} The Wildlife Division contends that we should reverse the trial court's dismissal of its complaint because Brumley did not show that the Wildlife Division's delay in charging him caused him any prejudice. In particular, the Wildlife Division contends that a two-part test applies for determining whether a delay in charging a crime constitutes a violation of due process. First, the accused must prove prejudice, such as death of a key witness, lost evidence, or faded memories, and second, the accused must show that the Wildlife Division's reason for delay was unjustifiable. See State v. Luck (1984) 15 Ohio St.2d 150, paragraph two of the syllabus. ("An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth
and Fourteenth Amendments to the United States Constitution.") See, also, State v. Collins (1997), 118 Ohio App.3d 73.
 {¶ 12} In Luck, the state waited over fifteen years between the commission of a murder and indicting the defendant. However, the Court noted that the state did not indict the defendant for any offense during the delay between the murder and the indictment. The Court held that "because the defendant herein was not the subject of any official prosecution until 1983, the delay between [the victim's] death in 1967 and the commencement of prosecution in 1983 is not protected by the speedy trial guarantee contained in Section 10, Article I of the Ohio Constitution." Luck at 153.
 {¶ 13} We agree that the right to a speedy trial generally does not apply until after the state indicts or otherwise formally accuses a person of a crime. However, an exception to that rule arises when the state, after charging an accused based upon a certain set of facts, brings additional charges arising from the same set of facts. Collins,118 Ohio App.3d 73, 75-76. "` [W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'" State v.Adams (1989), 43 Ohio St.3d 67, 68-69, quoting State v. Clay (1983),9 Ohio App.3d 216, 218.
 {¶ 14} The trial court must determine whether two charges arise from the "same facts" on a case-by-case basis. State v. Grover (Sept. 25, 1998), Lake App. No. 97-A-0021. The question requires the court to consider the totality of all relevant circumstances. Id. "In some cases, the events are so factually and logically related that different crimes must be treated together for speedy trial purposes. * * * In other cases, the events are so unrelated that charges stemming from them, if filed at different times, must be treated separately for speedy trial purposes." Id., citing Clay, supra; State v. Clark (1995),107 Ohio App.3d 141; State v. Hawkins (1993), 66 Ohio St.3d 339. The relevant question is whether the state, based upon the facts known to it when it filed the original charge, could have brought the additional charges at the same time. State v. Rockwell (1992), 82 Ohio App.3d 44,45.
 {¶ 15} In its reply brief, the Wildlife Division abandons its reliance on Luck, and contends that the trial court erred because the deer parts cases and the deer out of season case are only "loosely related." Specifically, the Wildlife Division contends that different facts, separated by time and space, form the basis for the two cases. The deer parts case related to Brumley's act of possessing deer parts on July 1, 2002. In contrast, the deer out of season case related to Brumley's act of killing a deer on December 27, 2001. Thus, the Wildlife Division argues, the only similarity is the fact that the two acts happen to involve the same deer.
 {¶ 16} The Wildlife Division's logic ignores the fact that the act of possessing deer parts is not illegal in and of itself. The possession is only illegal if the deer parts were taken in violation of the Ohio Revised Code or the Ohio Administrative Code. See R.C. 1531.02; Ohio Adm. Code 1501:31-15-11. Here, the Wildlife Division charged Brumley with the illegal possession of deer parts because he allegedly obtained the deer parts in question by killing a deer with a .30 caliber rifle during the primitive weapon season. Likewise, taking a deer is only illegal when done in a time, place, or manner prohibited by the Ohio Revised Code or the Ohio Administrative Code. See R.C. 1531.02; Ohio Adm. Code1501:31-15-11. Here, the Wildlife Division charged Brumley with taking a deer out of season because he allegedly killed a deer with a .30 caliber rifle during the primitive weapon season. Thus, contrary to the Wildlife Division's argument, the trial court did not err in finding that the same set of facts formed the basis for the deer parts cases and the deer out of season case.
 {¶ 17} Because we find that the trial court correctly determined that the deer out of season case arose from the same facts as the deer parts cases, and the Wildlife Division knew of such facts at the time it levied the deer parts charges, the speedy trial time on deer out of season case began to run when the Wildlife Division filed the deer parts case.
 {¶ 18} Pursuant to R.C. 2945.71(B)(1), the state must bring a person charged with a misdemeanor of the third degree to trial within forty-five days of his arrest. The Wildlife Division does not challenge the trial court's determination that more than forty-five days counted against Brumley's speedy trial time between the day it filed the deer parts charges, August 28, 2002, and the day Brumley filed his motion to dismiss, January 7, 2004. Brumley argues that the trial court correctly calculated the speedy trial days elapsed. Because the Wildlife Division does not challenge the trial court's calculation of the number of days elapsed, we decline to consider the issue. See App.R. 12(A); Catalano v.Pisani (1999), 134 Ohio App.3d 149; Toledo's Great Eastern Shopper'sCity, Inc. v. Abde's Black Angus Steak House No. III (1986),24 Ohio St.3d 198, 202.
 {¶ 19} Accordingly, we overrule the Wildlife Division's sole assignment of error, and we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.