{¶ 18} I respectfully dissent. I would reverse the court's dismissal because the Ohio Supreme Court clearly stated that, when new and additional charges arise from the same facts as the original charge, the additional charge is subject to the same statutory limitations period as the original charge. State v. Adams (1989), 43 Ohio St.3d 67, 68, citingState v. Clay (1983), 9 Ohio App.3d 216, 218. The majority acknowledged this well established principle but then applied a 30-day time limit rather than the 90-day period applicable to the original case which involved a first degree misdemeanor OVI charge.
 {¶ 19} Although the waiver of speedy trial which appellee filed only tolled the speedy trial period until the original charge was dismissed, the ninety-day "clock" began to run again when the new charges were filed on August 18, 2006. When appellee filed her motion to dismiss on October 10, 2006, only 55 days had elapsed since the date of arrest, minus the waived period. Therefore, I would reverse.
 *Page 1