DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant James L. Hicks, Jr. has appealed from his conviction of disorderly conduct in the Akron Municipal Court. This Court reverses.
 I {¶ 2} As an initial matter, this Court notes that the City of Akron, Appellee, ("City") has failed to file an appellate brief in the matter before this Court. Pursuant to App.R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if Appellant's brief reasonably appears to sustain such action.
 {¶ 3} On November 14, 2003, an emergency call was placed to the Akron Police Department ("APD") and officers responded to 1250 Roslyn Avenue in Akron, Ohio on a complaint that Appellant was threatening a woman and her family. A complaint was filed by the APD and Appellant was arrested on November 17, 2003 on charges of domestic violence with menacing. On November 25, 2003, Appellant filed a motion for discovery; the City failed to respond to Appellant's discovery request. On January 29, 2004, the City simultaneously moved to have the case dismissed and filed a new charge of disorderly conduct, which was based on the same incident as the domestic violence menacing charge. The court dismissed the first case and immediately summoned Appellant on the new charge.
 {¶ 4} On February 3, 2004, Appellant was arraigned for disorderly conduct and the case was assigned to Judge 1.[1]
Appellant filed a motion before Judge 1 to dismiss the case for speedy trial violations. On February 9, 2004 the case was set for trial before Judge 2. Before the trial began, Appellant moved for a continuance because he was unable to obtain his case file from his previous lawyer. The trial court denied his motion. Appellant then raised the issue of his pending motion for dismissal before Judge 1 and Judge 2 overruled the motion. Appellant requested findings of fact and the trial court found that:
"The action was originally brought against [Appellant] on November 17, 2003 and that was a domestic violence menacing case. Counsel was retained and on November 25, 2003, filed a notice for discovery demand. That meant that 9 days had run before the time was tolled for Speedy Trial Act, and that time continued to be tolled until dismissal of the city's case without prejudice on January 29, 2004. You were then summonsed (sic) to come to court. It looks as if the summons was issued on February 3, 2004. The court had previously set with you and with your counsel this trial date for today, and with that 7 days, additional days, ran, making a total of 16 days. The court has 30 days in which to bring a minor misdemeanor case to trial, and so if even if those 2 days are added together, we still have brought this matter within the time for the Speedy Trial Act under the [O.R.C.]."
Appellant then informed the trial court that the summons for the second charge was issued on January 29, 2004 and the arraignment was on February 3, 2004. The trial court replied, "I'll take that into consideration. It would still leave the court will (sic) within the Speedy Trial Act, so I've taken that into consideration."
 {¶ 5} After the trial court denied his motion to dismiss and motion for a continuance, Appellant entered a no contest plea and the trial court found him guilty of disorderly conduct. The trial court imposed a $100 fine, which was stayed pending appeal. Appellant has timely appealed the conviction, asserting three assignments of error.
 II Assignment of Error Number One
"The trial court erred to the prejudice of * * * appellant when it denied * * * appellant's motion to dismiss due to lack of a speedy trial."
 {¶ 6} In his first assignment of error, Appellant has argued that the trial court erred when it denied his motion to dismiss because he was not brought to trial within the time prescribed by R.C. 2945.71. Specifically, Appellant has asserted his motion should have been granted because the delay between the arrest and trial was oppressive, unreasonable, and acted to the prejudice of Appellant. We agree.
 {¶ 7} When reviewing an Appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact. State v. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058, at 4.
 {¶ 8} Both the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980),64 Ohio St.2d 218, 219. Further, the courts must strictly enforce such rights. Id. at 221. This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." Id., citingState v. Pudlock (1975), 44 Ohio St.2d 104, 105.
 {¶ 9} R.C. 2945.71 dictates the time limits that a defendant must be brought to trial. Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). But, the time within which a defendant must be brought to trial can be tolled.
 {¶ 10} Pursuant to R.C. 2945.72 the time within which a defendant must be brought to trial may be extended. R.C.2945.72(E) provides that time may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" R.C. 2945.72(E). However, this provision does not apply to extend the time in which the defendant is to be brought to trial on additional, related charges brought by the prosecution subsequent to the filing of the motion. State v.Homan (2000), 89 Ohio St.3d 421, 428. The Homan Court found that "R.C. 2945.72(E) does not apply to charges filed by the [city] after the defendant's motion is filed." Id. Accordingly, in the present case, any pretrial motions filed by Appellant prior to the dismissal of the first charge and the filing of the second charge would not extend the time within which Appellant was to be brought to trial on the second charge. Id.
 {¶ 11} Appellant's first charge was a misdemeanor of the fourth degree, which, pursuant to R.C. 2945.71(B)(1), gave the City forty-five days to bring Appellant to trial. On January 29, 2004, the City dismissed that charge and filed a new charge, a minor misdemeanor, which, pursuant to R.C. 2945.71(A), gave the City thirty days to bring Appellant to trial. However, "when new and additional charges arise from the same facts as did the original charge and the [city] knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge."State v. Adams (1989), 43 Ohio St.3d 67, 68, quoting State v.Clay (1983), 9 Ohio App.3d 216, 218. Accordingly, because the second charge brought against Appellant on January 29, 2004, stemmed from the original set of facts which gave rise to Appellant's arrest on November 17, 2003, the same forty-five day time period also applied to the second charge and Appellant had to be brought to trial on the second charge within forty-five days of the original arrest date of November 17, 2003.
 {¶ 12} In the case sub judice, the first charge was filed on November 17, 2003 and Appellant filed a motion for discovery on November 25, 2003, which tolled time for the first charge. On January 29, 2004, sixty-five days after Appellant's arrest on the first charge, the first charge was dismissed and the second charge was filed. Appellant's trial did not commence until February 9, 2004. Thus, Appellant was not brought to trial until eighty-four days after his November 17, 2003 arrest.
 {¶ 13} Based on the foregoing case law and statutory requirements, Appellant's speedy trial rights were violated by the trial court and the trial court erred in overruling Appellant's motion to dismiss. Once the City summoned Appellant on the second charge, which stemmed from the original set of facts and circumstances as the first charge, the time for speedy trial rights reverted to November 17, 2003, the date and calculation for the original charge. Thus, the City had forty-five days from November 17, 2003 to bring Appellant to trial on the second charge, keeping in mind that Appellant's motion for discovery on the first charge does not toll time for the second charge. It is clear from the record that Appellant was not brought to trial until approximately three months, well over forty-five days, after his arrest on November 17, 2003. Accordingly, Appellant's first assignment of error is well taken.
 Assignment of Error Number Two
"The trial court erred and abused its discretion when it denied the appelant's motion for continuance[.]"
 Assignment of Error Number Three
"The trial court erred by finding [appellant] guilty upon his plea of no contest, as the state offered no explanantion of the circumstances[.]"
 {¶ 14} In his remaining assignments of error, Appellant has asserted that the trial court abused its discretion when it denied his motion for a continuance and that the trial court erred when, after his no contest plea, the trial court found him guilty of disorderly conduct without explaining fully the circumstances surrounding the case which led to the finding of guilt. However, this Court need not address Appellant's remaining assignments of error because the arguments are rendered moot by our disposition of Appellant's first assignment of error. See. App.R. 12(A)(1)(c).
 III {¶ 15} Appellant's first assignment of error is sustained. We decline to address Appellant's remaining assignments of error. The judgment of the trial court is reversed, and cause remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Batchelder, J., Concur.
[1] Two different Akron Municipal Court judges were involved with this case, this Court will identify the judge who first dealt with Appellant's second charge as Judge 1 and the judge who found Appellant guilty of disorderly conduct as Judge 2.