DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} On April 25, 2008, the City of Akron filed a complaint against Alan J. Hatcher, charging him with sexual imposition, a misdemeanor of the third degree. When the City realized that Mr. Hatcher had a previous conviction for unlawful sexual contact with a minor, it dismissed its complaint and filed a new complaint, charging him with sexual imposition, a misdemeanor of the first degree. On May 16, 2008, Mr. Hatcher moved to dismiss the second complaint, arguing that the City had violated his right to a speedy trial. The Akron Municipal Court denied his motion. After Mr. Hatcher changed his plea to no contest, the court found him guilty of sexual imposition. Mr. Hatcher has appealed his conviction, arguing that the municipal court incorrectly denied his motion to dismiss. This Court affirms because the City brought Mr. Hatcher to trial within 90 days of the filing of the first complaint. *Page 2 
 SPEEDY TRIAL {¶ 2} Mr. Hatcher's assignment of error is that the municipal court incorrectly denied his motion to dismiss because the City did not try him within the time permitted under Section 2945.71 of the Ohio Revised Code. Section 2945.71(B) of the Ohio Revised Code provides that "a person against whom a charge of misdemeanor . . . is pending[,] . . . shall be brought to trial . . . (1) [w]ithin forty-five days . . . if the offense charged is a misdemeanor of the third or fourth degree, . . . [or] (2) [w]ithin ninety days . . . if the offense charged is a misdemeanor of the first or second degree." "[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).
 {¶ 3} Because the first complaint charged Mr. Hatcher with a misdemeanor of the third degree, the City had 45 days to bring him to trial. R.C. 2945.71(B)(1). Mr. Hatcher has argued that the same 45-day deadline applied to the second complaint because, even though that complaint charged him with a misdemeanor of the first degree, it arose from the same conduct.
 {¶ 4} Mr. Hatcher has argued that his case is analogous to State v.Adams, 43 Ohio St. 3d 67 (1989) and Akron v. Hicks, 9th Dist. No. 21961,2004-Ohio-5685. In Adams, the State charged the defendant with a violation of Section 4511.19(A)(3). Adams, 43 Ohio St. 3d at 67. After the State entered a nolle prosequi as to that charge, it charged him with a violation of Section 4511.19(A)(1), for which the State had a 90-day speedy trial deadline. Id. The Ohio Supreme Court wrote that, because both charges arose from the same set of facts, the same 90-day speedy trial period applied to both of them. Id. at 68.
 {¶ 5} In Hicks, the City of Akron charged the defendant with domestic violence with menacing, a fourth-degree misdemeanor subject to a 45-day speedy trial deadline. Hicks, 2004-Ohio-5685, at ¶ 11. The City later dismissed that charge and charged him with disorderly *Page 3 
conduct, a minor misdemeanor subject to a 30-day speedy trial deadline.Id. This Court wrote that, because both charges stemmed from the same set of facts, the City had 45 days to bring the defendant to trial on the disorderly conduct charge. Id. This Court reached that conclusion based on language in Adams that, "when new and additional charges arise from the same facts as did the original charge and the [city] knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge."Id. (quoting Adams, 43 Ohio St. 3d at 68).
 {¶ 6} To the extent that Mr. Hatcher has relied on the above-quoted language in Hicks to argue that the 45-day time period that applied to the misdemeanor of the third degree charge also applied to the misdemeanor of the first degree charge, that language was dicta. InHicks, this Court determined that Mr. Hicks was not brought to trial until 84 days after his arrest. Id. at ¶ 12. Accordingly, it was irrelevant whether the second charge was subject to a 30-or 45-day speedy trial time period. Because the central premise of Hicks was that the speedy trial period begins to run from the date of the first offense, the City had violated the deadline, regardless of which time period duration applied.
 {¶ 7} The quoted language was also dicta in Adams. The Supreme Court wrote in that case that "[t]he sole issue before [the Court] is: [w]hen an accused waives the right to a speedy trial as to an initial charge, can this waiver apply to a subsequently filed charge which arises out of the same facts as the former charge, when the later charge is brought after a nolle prosequi is entered as to the first charge?"Adams, 43 Ohio St. 3d at 68. The Supreme Court answered that question in the negative, holding that, "[w]hen an accused waives the right to a speedy trial as to *Page 4 
an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." Id. at syllabus.
 {¶ 8} Furthermore, when the Supreme Court wrote about "the same statutory limitations period" in Adams, it was actually referring to the dates on which the speedy trial deadline started and ended for each charge. Id. at 68. That is evident from the fact that both the first and second complaints in that case charged Mr. Adams with misdemeanors of the first degree. Id. Accordingly, the duration of the speedy trial time period for both charges was the same. Id. The only issue was whether the time period for the second complaint began to run on the date the first complaint was filed. See id. Contrary to Mr. Hatcher's contention,Adams does not stand for the proposition that the speedy trial period for the second offense is converted to that of the first offense.
 {¶ 9} The fact that the Supreme Court was referring to the date on which the speedy trial time periods began to run and not their duration in Adams is also evident from the source of the Supreme Court's language. The Supreme Court was quoting language from the Eleventh District's opinion in State v. Clay, 9 Ohio App. 3d 216, 216 (1983). InClay, the State arrested and charged Mr. Clay with unauthorized use of a vehicle, aggravated robbery, and abduction. Clay, 9 Ohio App. 3d at 216. Two months later, the Grand Jury indicted him for attempted rape and gross sexual imposition. Id. Three months after that, the trial court granted Mr. Clay's motion to dismiss on speedy trial grounds.Id. The Eleventh District noted that the "central question" was "[w]hen a defendant is arrested and charged with commission of one crime, held in jail pending indictment on additional charges, indictment is completed and service had on the defendant on those additional charges, does the computation of time for speedy trial consideration run from the original arrest date or the date of the return of the indictment *Page 5 
containing the additional charges?" Id. Accordingly, when the Eleventh District wrote that "the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge," it was referring to when the clock started and stopped for speedy trial purposes, not the duration of the time period. Id.
 {¶ 10} Mr. Hatcher's argument is also inconsistent with the Supreme Court's decision in State v. Bonarrigo, 62 Ohio St. 2d 7 (1980). InBonarrigo, the State originally charged Mr. Bonarrigo with disorderly conduct, a misdemeanor. After the prosecution entered a nolle prosequi on that charge, the Grand Jury issued an indictment charging him with aggravated riot, a felony. Id. at 7. The Supreme Court held that "the time within which the accused shall be brought to trial pursuant to R.C. 2945.71 et seq. consists of whatever residue remains from the 270-day period set forth in R.C. 2945.71(C) after deducting the speedy trial time expended prior to the nolle prosequi." Id. at 11. Accordingly, even though both charges arose out of the same conduct, the Supreme Court determined that the 270-day time limit that applies to felony charges applied to the aggravated riot charge, not the time period that had applied to the original misdemeanor charge.
 {¶ 11} In addition, adopting Mr. Hatcher's argument would create a result that is inconsistent with Section 2945.71(D) of the Ohio Revised Code. That section provides that "[a] person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged." R.C. 2945.71(D). Accordingly, under Section 2945.71(D), a person who is charged with a misdemeanor of the first degree and a misdemeanor of the third degree must be brought to trial within the 90-day time period that *Page 6 
applies to the misdemeanor of the first degree. Mr. Hatcher's argument would have the opposite effect, converting the duration of the speedy trial time period for the more serious offense to the duration of the less serious offense. There is no legal basis to reduce the speedy trial period for a misdemeanor of the first degree just because the defendant was initially charged with a lesser offense and that charge was dismissed before the misdemeanor of the first degree charge was filed.
 {¶ 12} This Court, therefore concludes that, applyingBonarrigo to the facts of this case, the City had 90 days to try Mr. Hatcher on the misdemeanor of the first degree charge. Mr. Hatcher has conceded that the State brought him to trial on the second complaint 49 days after the first complaint was filed. The municipal court, therefore, correctly determined that the City did not violate his right to a speedy trial. Mr. Hatcher's assignment of error is overruled.
 CONCLUSION {¶ 13} The City had 90 days to bring Mr. Hatcher to trial on its complaint that he committed sexual imposition, a misdemeanor of the first degree, despite initially charging him with a misdemeanor of the third degree for the same conduct. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 7 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
BELFANCE, J., CONCURS.
CARR, J., CONCURS IN JUDGMENT ONLY. *Page 1